GEORGE LUTON

*v.*

JACOB HOEHN, for the use, etc.

<div style="float:right">
72    81<br>
23a    24<br>
72    81|<br>
55a 571|<br>
72    81<br>
88a 504
</div>

1. GARNISHMENT—*judgment debtor subject.* Under the Revised Statutes of 1845, which provide that, where any person is indebted, or has any effects or estate of the defendant in his hands, the same may be the subject of garnishment, it makes no difference whether such person is a judgment or a simple contract debtor. In either case, the effects or estate in his hands may be taken to pay his creditor's claim, in the mode provided by the statute.

2. A judgment debtor, in the circuit court, may be garnisheed, on process issued by a justice of the peace.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellant.

Messrs. IRWIN & KROME, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only question presented by this record is, whether a judgment debtor, in the circuit court, can be garnisheed on process issued by a justice of the peace.

The objection taken proceeds alone on the ground there will be a conflict of jurisdiction between the lower and higher court. We see no force in this view of the case. Our statute

6—72D ILL.

on this subject is as broad and comprehensive as it can be made. It provides, where any person is "indebted," or "hath any effects or estate" of the defendant in his hands, the same may be the subject of garnishment. R. S. 1845, section 38, page 307.

It can make no difference whether such person is a judgment or a simple contract debtor. In either case, the effects or estate in his hands may be taken to pay his creditor's claim, in the mode prescribed in the statute.

No doubt some inconvenience may arise in subjecting judgments, upon which executions have already been issued, to this process, but the general good should be regarded as the paramount interest, rather than the mere convenience of the debtor. The same difficulty would occur in courts of equal jurisdiction. Indeed, in every case, this process may occasion inconvenience to the debtor, but the statute should not, for that reason, be so construed as to be ineffectual for the purposes for which it was enacted. It affords, in many instances, the only remedy the creditor has for collecting his claim, and it should always receive a liberal construction. In the few cases where real injury may be threatened, equity will relieve the party whose interests are about to be affected.

No error appearing, the judgment is affirmed.

*Judgment affirmed.*