CHARLES W. ALLEN *et al.*

*v.*

JOHN WATT *et al.*

1. GARNISHEE—*discharged from his creditor upon payment of the debt on judgment against him.* Where a debt has been recovered from a debtor by garnishee process under an attachment proceeding in a court of competent jurisdiction in another State, the recovery is a protection in this State to the garnishee against his original creditor, and the fact that the debt may have been put into a judgment, does not change the rule.

2. ASSIGNEE *of judgment takes it subject to all defenses.* The assignee of a judgment who takes the assignment after the creditors of the plaintiff therein have acquired a lien upon the debt represented thereby, by service of garnishee process on the defendant in the judgment, in an attachment suit commenced by them against the plaintiff in the judgment, in a court of competent jurisdiction in another State, takes the assignment subject to all defenses the judgment debtor may be able to establish, and no defense can be more available than payment under legal proceedings in a court of competent jurisdiction.

3. INJUNCTION *in favor of garnishee against his creditor.* A judgment against a garnishee, and payment thereof, may be pleaded by him in a suit by his creditor for the same indebtedness; but where the garnishee has been served with garnishee process, and, before judgment is rendered in that suit, the creditor of the garnishee prosecutes the debt to judgment, and afterwards judgment is rendered against the garnishee as such for the same debt, and he pays it, his only remedy against the judgment in favor of the original creditor is in equity, where the collection thereof will be enjoined.

APPEAL from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. DICKEY & CAULFIELD, and Mr. J. W. SHOWALTER, for the appellants.

Mr. M. W. ROBINSON, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The questions raised on this record arise out of the following facts: John Watt commenced an action of assumpsit in the Cook circuit court, on the 13th of January, 1873, against Charles W. Allen and Almond D. Ellis, wherein, on the 29th of March, 1873, a judgment was rendered against them for the sum of five hundred and forty-seven dollars and sixty-six cents, together with the costs. On March 31, the plaintiff in the judgment assigned the same to Carlisle Mason, who, on the third day of May thereafter, placed the assignment on file in the clerk's office, and caused the assignment to be noted on the record. On February 20, 1874, a *fieri facias* was issued on this judgment, and came to the hands of T. M. Bradley, sheriff, to be executed.

On March 10, 1873, the firm of Worthington & Power, doing business in Cincinnati, Ohio, under that name and style, and creditors of John Watt and one Johnson, commenced their action by attachment, in the Court of Common Pleas of Hamilton county, State of Ohio, against Watt and Johnson, and at the same time Allen and Ellis were summoned

as garnishees, as debtors of Watt, and such proceedings were had that, on March 22, 1873, to save costs, as is alleged, they filed their answer to said garnishment, wherein they acknowledged they were indebted to Watt at the time of the service of the summons upon them, in the sum of five hundred and forty-five dollars and sixty-six cents. Watt was brought into court by publication against him and Johnson, and, on June 30, 1873, a judgment was rendered against them for the sum of eight hundred and eight dollars and twenty-six cents, and then and there it was ordered Allen and Ellis pay the amount of their indebtedness to Watt, being five hundred and forty-five dollars and sixty-six cents, to the clerk of the court within ten days thereafter. This amount they allege they paid at the time to Worthington & Power, by direction of the clerk of the court, and this amount, they allege, is the identical claim sued for by Watt, and for which he recovered the judgment above mentioned.

On February 20, 1873, Worthington & Power brought their action of assumpsit in the Superior Court of Cook county, against Watt and Johnson, for the same cause the attachment proceedings were instituted by them in the Court of Common Pleas of Hamilton county. To this action, Watt and Johnson, at the March term, 1873, pleaded the general issue, and filed therewith the affidavit of Watt, that they, Watt and Johnson, had a good defense to the action, to the extent of six hundred and eighty-nine dollars and twenty-five cents. At the July term following, the defendants, Watt and Johnson, filed a special plea, setting up the recovery of the judgment in the Court of Common Pleas of Hamilton county, Ohio, against them, for the same cause of action, for eight hundred and eight dollars and twenty-six cents, and another special plea in bar as to five hundred and forty-five dollars and sixty-six cents, then setting out these attachment proceedings, the garnishment of Allen and Ellis, and their answer admitting a debt due by them to Watt of five hundred and forty-five dollars and sixty-six cents; that, at

the June term, 1873, of the Common Pleas court, judgment was rendered against them for eight hundred and eight dollars and twenty-six cents, and against Allen and Ellis for five hundred and forty-five dollars and sixty-six cents, in favor of Worthington & Power; averring execution ordered against Allen & Ellis after ten days; that this judgment remains in full force; and that, afterwards, in July, 1873, Allen and Ellis paid five hundred and forty-five dollars and sixty-six cents, pursuant to said order of court, and plead the same in bar of a recovery by Worthington & Power to that extent, against them.

At the time of filing these special pleas, Watt filed an affidavit for a continuance, alleging, as cause, that, after the commencement of the suit, the plaintiffs sued defendants for the same cause, to the March term of the Court of Common Pleas of Hamilton county, Ohio, setting out briefly all those proceedings, and Allen and Ellis' answer to the garnishee proceedings, the recovery of the judgment against them and against Allen and Ellis, their information that Allen and Ellis had paid this judgment, alleging that this payment satisfied so much of plaintiff's claim sued for in the action then pending; that they can have the proof of this payment by the next term, wherefore a continuance is asked.   A continuance was granted.

So far as the record informs us, this cause is still pending and undetermined in the Superior Court.

On February 20, 1874, a writ of *fieri facias* issued on this judgment recovered by Watt and assigned to Mason, which came to the hands of T. M. Bradley, sheriff, to be executed.   Hence this bill of complaint and injunction by Allen and Ellis; and the question is, does the bill show any equities to justify relief against this judgment of the Cook circuit court?

The circuit court was of opinion it did not, and, on the hearing, dissolved the injunction and dismissed the bill, and the defendants appeal.

After full consideration of the elaborate arguments submitted on both sides of this case, we are of opinion the decree of the circuit court should be reversed, upon several grounds.

The Court of Common Pleas of Hamilton county, in the State of Ohio, in which these attachment proceedings were had, was, it is not denied, a court of competent jurisdiction of the subject matter, and acquired jurisdiction of the persons of appellants by service of process upon them, and the judgment of that court is entitled to full faith and credit in this State. This judgment, so rendered by a court of competent jurisdiction, has been paid and satisfied by appellants, and there is no justice in requiring them to pay it a second time. The fact that Watt had recovered a judgment against appellants, made them no less his debtors, when the garnishee process was served on them, and we do not see in what respect it could have benefited them, had they set this up by plea in the Ohio court. The statute of that State is broad and comprehensive, and it makes the service upon the garnishee a lien upon the debt he owes the party defendant in the attachment.

Chief Justice KENT said, in *Embree and Collins* v. *Hanna*, 5 Johns. 100, that it was a settled and acknowledged principle in the English courts, that, where a debt has been recovered of the debtor under the process of foreign attachment, the recovery is a protection, in England, to the garnishee against his original creditor, and he may plead it here.

The principle is distinctly recognized in *Allen* v. *Dundas*, 3 Durnford & East, 125.

The Supreme Court of Pennsylvania said, in *McCarty* v. *Enslin*, 2 Dallas, 277, on general principles of justice and reason, it would be difficult to satisfy the mind why money should not be attached in the hands of a debtor, as well after as before the person to whom it is due has sued for it.

Surely it can make no difference, if judgment is rendered

in the suit, for, as we have said, the debt remains, though in another form, and public policy fully warrants it.

The attaching creditors having acquired a lien on this debt due by appellants prior to the alleged assignment of the judgment to Mason, he must be held to have taken the assignment subject to all the defenses the judgment debtor might be able to establish against its payment, and no defense can be more available, than payment under legal proceedings in a court of competent jurisdiction.

Watt, in his defenses to the action brought against him and Johnson in the Superior Court, nowhere claims or pretends this judgment had been assigned by him, but, on the contrary, he claimed the benefit of the proceedings against appellants as garnishees, and of the payment made by them on the order of the court therein, and this is another reason why this decree should be reversed.

Watt is estopped, by taking advantage of this payment by appellants, as he did in the pleas and affidavit for continuance. Had this judgment against appellants been, in fact, assigned, it is strange Watt should have claimed the benefit of the debt on which it was based as a payment by him or his firm to the attaching creditors.

We have said this recovery and payment in the attachment proceedings might be pleaded in bar to a recovery in the action, but that action had proceeded to judgment, and no plea could be interposed. No other remedy could be pursued than by injunction to stay the execution of the judgment. Of this appellants have availed, and we are of opinion they were well entitled to the writ; that there is strong equity in their bill, and it should not have been dismissed on the hearing.

The claim that this recovery and payment by appellants in the attachment proceedings were collusive and colorable only, we do not think is sustained by the proof, and we can see no injustice in being required to pay their debt to the creditors of Watt, rather than to Watt himself.

From the best consideration we can give this case, we are of opinion the decree should be reversed and the cause remanded.

*Decree reversed.*

Mr. JUSTICE DICKEY, having been of counsel in this matter, did not participate in its consideration.*

2. SAME—*the damage to the whole farm should be considered on condemnation of right of way over it.* Where a farm, through which a railroad ran, consisted of 240 acres, and the petition for the condemnation of the right of way describes the road as running through both the quarter section and the 80-acre piece, the jury, in assessing damages, should consider the damage done to the whole farm by reason of the construction of the road.

3. OPINIONS OF WITNESSES — *on question of assessing damages for condemnation of land.* On an assessment of damages, under a proceeding by a railroad company to condemn the right of way through a farm, it is competent for witnesses, who are acquainted with the farm, and

----

*This cause was submitted at the September term, 1875, but was not finally disposed of until after Mr. JUSTICE DICKEY came upon the Bench.