THE WABASH RAILROAD -COMPANY, Interpleader, Appellant, v. ALEXANDER FLANNIGAN et al., Respondents.

### St. Louis Court of Appeals, May 13, 1902.

1. **Interpleader's Bill: JUDGMENT CREDITORS: CONFLICTING CLAIMS.** Priorities may be adjudicated by an interpleader's bill where there are conflicting claims as to which of several claimants should be first paid out of a particular fund or from the sale of specific property, and on which the claimants claim to have legal or equitable liens, but ordinary judgment creditors are not in this class. They can not be compelled to interplead at the instance of a common debtor.

2. ———: ———: **EQUITY: STAKEHOLDER, WHO IS.** A stakeholder in equity is one who has in his hands money or other property claimed by several others, and a debtor may occupy the situation of a stakeholder in equity when he acknowledges that he owes the debt, that it is due to one or the other of several claimants, but that he is not advised to which of them, and when he deposits the money in court and asks that the contesting claimants may litigate their claims between themselves.

3. ———: ——— ———. But in the case at bar, the appellant does not occupy the equitable ground of a stakeholder.

4. **Interpleader: PRACTICE, TRIAL: JURISDICTION.** Two things are necessary to authorize the court to order an interpleader: first, an appropriate bill for that purpose; and, second, jurisdiction of the parties making adverse claims to the thing to be interpleaded for.

Appeal from St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED,

*Geo. S. Grover* for appellant.

(1) "A delay of three years in bringing a bill in equity to enforce a charge upon land created by a will, is not such laches as will defeat the plaintiff's right, if there has been no change in the defendant's position by reason of such delay." Nudd v. Powers, 136 Mass. 273. "Laches can not be imputed to one who begins proceedings as soon as he is in legal condition to do so, as where one awaits a discharge in bankruptcy." Gamble v. Folsom, 49 Mich. 141. (2) "That a court has jurisdiction on a bill for an interpleader, filed by the judgment debtor, to require two judgment plaintiffs to come into court and interplead for the purpose of ascertaining which one of the two judgments at law against the common debtor shall be paid and which shall not be, is an unheard-of proposition, without the semblance of reason or authority to support it." In support of the text, the following authorities are cited: Cheever v. Hodgson, 9 Mo. App. 565; Dodds v. Gregory, 51 Miss. 351; Woodruff v. Taylor, 20 Vt. 65. (3) "But a bill of interpleader may be filed after a verdict at law, if the effect of the action was merely to ascertain the damages due the plaintiff at law, who was a defendant in the equity case." In support of that principle, the following authority is cited: Hamilton v. Marks, 5 De Gex & Smale 638; 19 Eng. Law and Eq. Rep. 321. (4) The averments of this bill present an ideal situation, in equity, for the exercise of the right of interpleader. Upon the undisputed facts there presented, the parties were clearly entitled to a hearing, and it was error to refuse it. 2 Story on Eq. Jur. (13 Ed.), sec. 806, pp. 136-7; Freeland v. Wilson, 18 Mo. 380; Hathaway v. Foy, 40 Mo. 540; Robards v. Clayton, 49 Mo. App. 610; Miller v. Ins. Co., 68 Mo. App. 19; Bldg. Ass'n v. Joy, 56 Mo. App. 433. (5) The order of April 29, 1901, in this case, is

a final judgment, from which an appeal will lie to this court. Sec. 806, R. S. 1899; Freeman on Judgments, secs. 12, 17, 36; 12 Am. and Eng. Ency. Law, p. 63; Rogers v. Gosnell, 51 Mo. 466; State ex rel. v. Allen, 92 Mo. 20; Ormiston v. Trimble, 77 Mo. App. 310.

*Charles P. Johnson* and *John D. Johnson* for respondent Rule.

(1) The Wabash Railroad Company of Ohio, the substituted plaintiff in the amended petitions, being a citizen or legal entity, owing its existence to the laws of the State of Ohio, is not the corporate individual which instituted this suit, and one individual can not prosecute a suit instituted by another of the same name. Tourville v. Railroad, 148 Mo. 614; Railroad v. Railroad, 136 U. S. 356; R. S. 1899, sec. 566. (2) There is an indisputable legal presumption that a corporation is a citizen, or composed of citizens of the State which created it. Railroad v. James, 161 U. S. 545; Railroad v. Steele, 167 U. S. 659; Burrows Co. v. Kane, 170 U. S. 100; Railroad v. Louisville Co., 174 U. S. 552. (3) The bill of interpleader does not state facts sufficient to constitute a cause of action against defendants for the following reasons: It is essential to a bill of interpleader that the plaintiff shall make known his condition as a stakeholder by bringing a suit within a reasonable time after being advised of the double claims against him. It appears from the bill that plaintiff has been contesting this claim (now merged into the judgment of defendant Rule) since June 10, 1891, with full knowledge of the claim of defendant Flannigan. Cheever v. Hodgson, 9 Mo. App. 565; Dodds v. Gregory, 61 Miss. 351; McDevitt v. Sullivan, 8 Cal. 592; Union Bank v. Kerr, 2 Md. Ch. 460. The circuit court had no power to enforce its judgment against the person of defendant Flannigan, hence, a

temporary injunction as against him would have been wholly without effect, unless he chose to obey it. R. S. 1899, sec. 598; Sheedy v. Bank, 62 Mo. 17. (4) A court of one jurisdiction can not enjoin the collection of a judgment of another court of competent jurisdiction, in the absence of any allegation of fraud in obtaining such judgment. Scrutchfield v. Souter, 119 Mo. 621; Nelson v. Brown, 23 Mo. 13; Keith v. Plemmons, 28 Mo. 104; Pettus v. Elgin, 11 Mo. 411; Mellier v. Bartlett, 89 Mo. 137.

BLAND, P. J.—Plaintiff by its third amended petition averred that plaintiff was first organized as a railroad corporation under the laws of the State of Ohio, and subsequently organized under the laws of the States of Illinois and Missouri; that on the first day of August, 1889, and ever since, it has been continuously and without change a consolidated corporation; that in the months of May and June, 1891, defendant Tourville, earned as an employee of plaintiff, eighty-one dollars and ninety-eight cents more or less; that defendant Flannigan, in April, 1895, instituted an attachment proceeding against Tourville before James H. Wyatt, a justice of the peace for St. Clair county, Illinois, who had jurisdiction both of the subject-matter and person of defendant Tourville, and garnished the plaintiff in the cause; and that on June 14, 1895, judgment was rendered by said justice in said cause against Tourville and the plaintiff as garnishee for eighty-one dollars and ninety-eight cents, and that the said judgment was not appealed from and remains in full force and effect, no part of it having been paid by Tourville or the Wabash Railroad Company, and that an appeal by the Wabash Railroad Company as garnishee would have been wholly unavailing under the laws of Illinois as there in force; that on the tenth of June, 1891, Tourville instituted a suit before a justice of the peace in

the city of St. Louis, State of Missouri, against the Wabash Railroad Company, claiming the sum of eighty-one dollars and ninety-eight cents due him for wages earned in the service of said railway company and that said suit was tried and passed through various courts of this State by appeal, resulting in a judgment of eighty-one dollars and ninety-eight cents, which was finally affirmed by the Supreme Court of the United States; that both judgments are for the same sum of money and that plaintiff never owed Tourville but the one sum of eighty-one dollars and ninety-eight cents; that Tourville has assigned his judgment to defendant Virgil Rule, and that Flannigan and Rule were each undertaking to collect his several judgment, and that plaintiff is in danger of having to twice pay the said sum of eighty-one dollars and ninety-eight cents, and alleges that it is ready and willing to pay the said sum with interest to the party to whom it is due, but that it is unable to determine or to know whether the said sum and interest should be paid to Flannigan, or to Tourville and Rule, and prays that they be directed to come into court and interplead for said moneys.

A temporary restraining order was issued, to which defendant Rule made return assigning seventeen reasons why plaintiff should not maintain its bill and asked that the restraining order be dissolved.

On the twenty-second day of April, 1901, plaintiff filed its motion for the relief prayed for, notwithstanding the return of defendant Rule, as follows:

"Now comes the plaintiff in the above-entitled cause, by its solicitor, and moves the court here to continue its restraining order now in force, and to proceed with all convenient speed at its convenience to hear and determine the plaintiff's bill of interpleader therein filed, notwithstanding the return of Virgil Rule, de-

fendant, filed in this cause April 19, 1901, for the following reasons, to-wit:

"*First.* Because this court has full and complete jurisdiction over this matter.

"*Second.* Because plaintiff is entitled to the relief here prayed for, notwithstanding said return.

"*Third.* Because said return states no facts which would deprive the plaintiff of the relief prayed for.

"*Fourth.* Because unless the relief here prayed for is granted to plaintiff, said defendants, Virgil Rule and Alexander Flannigan, will immediately proceed to defeat said bill of interpleader, by compelling the plaintiff, a mere stakeholder, to pay the sum twice out of the sum in plaintiff's hands.

"*Fifth.* Because the plaintiff is entitled to the relief here prayed for, both at law and in equity, upon the facts stated in its third amended petition, and admitted in the return of said Virgil Rule."

On the same day, defendant Flannigan filed the following separate answer, to-wit:

"Now on this day comes the defendant, Alexander Flannigan, having entered his voluntary appearance in this cause, by his attorney, to plaintiff's third amended petition, and says: He admits each and every allegation set forth in the petition of the plaintiff.

"Defendant further says that by virtue of said judgment of Peter Tourville against the Wabash Railroad Company, to the use of Alexander Flannigan, obtained in Illinois, as stated in plaintiff's third amended petition, this defendant thereby obtained a lien upon said sum of $81.98, prior in right to all liens, if any, upon said sum or sums claimed by Peter Tourville or his assignee, Virgil Rule, from the Wabash Railroad Company, and is, therefore, by virtue of said lien, entitled to the payment of said sum from the Wabash Railroad Company.

"Wherefore, this defendant, under the facts stated

in the plaintiff's third amended petition and this defendant's amended answer, says that he is entitled to said sum of $81.98 mentioned, for which, with his costs, he prays judgment."

On April 29, 1901, the court dissolved the temporary injunction and entered judgment against plaintiff, denying the relief prayed for. After an unsuccessful motion for new trial, plaintiff appealed. After the appeal was perfected, the plaintiff obtained, in vacation, an order from one of the judges of this court, restraining the collection of an execution which defendant Rule had sued out on the Tourville judgment. A motion to dissolve this restraining order has been filed in this court.

Counsel for appellant has incorporated in his statement and brief a history of its litigation with Tourville and Flannigan. This history, while interesting as history, has no place in the record beyond what is set forth in the bill for an interpleader and what appears in the opinions of the appellate courts of this State, to which the Tourville case was taken by successive appeals.

From the bill for an interpleader it appears that Tourville began a suit against the appellant on June 10, 1891, before a justice of the peace, and from the court reports it appears that on March 26, 1895, this judgment was made final by the decision and mandate of the St. Louis Court of Appeals (61 Mo. App. 534; s. c., 148 Mo. l. c. 624).

The bill for an interpleader alleges that Flannigan begun his suit by attachment in the State of Illinois and garnished the appellant on June 14, 1895, so that it affirmatively appears, when the Flannigan suit was commenced, Tourville had reduced his claim to a final judgment and that his cause of action was merged or drowned in the judgment. Cooksey v. Railroad, 74 Mo. 477; Freeman on Judgments (4 Ed.), sec. 215.

At the time Flannigan commenced his suit, the old debt had ceased to exist and was not thereafter the subject of garnishment under the laws of this State.    Drake on Attachments (7 Ed.), 622; Tourville v. Wabash R. R. Co., 148 Mo. 624.    But it appears that a different rule prevails in the State of Illinois, and that an indebtedness upon which a judgment has been rendered is the subject of garnishment (Minard v. Lawler, 26 Ill. 301; Luton v. Hoehn, 72 Ill. 81; Allen v. Watt, 79 Ill. 284), and that this may be done even where the judgment was rendered by one court and the garnishment proceedings were in another and inferior court.    Luton v. Hoehn, supra.

In Allen v. Watt, supra, it was held that where a debt has been recovered from a debtor by garnishee process under attachment proceedings in a court of competent jurisdiction in another State, the recovery is a protection in Illinois against his original creditor, and the fact that the debt may have been put into a judgment does not change the rule; and the court granted a perpetual injunction restraining the collection of the judgment recovered by the debtor in the Illinois court.

In Drake on Attachments (7 Ed.), sec. 621, it is said that where the action is pending in one court and the garnishment in another, and the courts are of different jurisdictions, that which was first instituted will be sustained; and that when the action is in such a situation that the garnishee, if charged, can not avail himself of the judgment in attachment as a bar to recovery in the action, he can not be held as a garnishee.    To the same effect see 14 Am. and Eng. Ency. of Law (2 Ed.), p. 775, and footnote 3.

Tourville had recovered his judgment for the debt when the Flannigan suit by attachment was commenced, which judgment was never reversed and, under the foregoing authorities, the appellant could have suc-

cessfully interposed the Flannigan judgment as a bar to a recovery against it as garnishee in the Flannigan suit. The bill of interpleader does not allege that this defense, or any other defense, was interposed by the appellant in the Flannigan suit. Appellant seems to have contented itself by trying to establish an offset of forty-three dollars and twenty-eight cents to the Tourville claim it had paid on a prior void judgment rendered against it as garnishee in an Illinois court in favor of Flannigan in his first attachment suit against Tourville. Having failed to establish the offset, it seems to us that it can not now come into a court of equity and assume the innocent role of a stakeholder and compel Tourville to re-litigate his claim which he has successfully reduced to a judgment at law.

A stakeholder in equity is defined to be "one who has in his hands money or other property claimed by several others." Bouvier's Law Dict. A debtor may occupy the situation of a stakeholder in equity when he acknowledges that he owes the debt; that it is due to one or the other of several claimants, but that he is not advised to which of them, and when he deposits the money in court and asks that the contesting claimants may litigate their claims between themselves. The appellant is not in this situation. It does not occupy the equitable ground of a stakeholder. It has contested the Tourville claim through every court to which it could resort, and having lost in that contest it is in no position to ask that Tourville or his assignee be compelled to re-litigate his claim with a stranger to the original suit. But it is contended by appellant that as Flannigan voluntarily appeared in court and filed his answer claiming priority to the so-called fund, that the court erred in dismissing the bill. The bill was to compel Flannigan and Rule, assignees of Tourville, to interplead. Flannigan's willingness to submit his person and judgment to an interpleader did not have

the effect to give the court jurisdiction and power to compel Rule to submit his judgment also to an interpleader nor deprive him of the right to demur to the appellant's bill on the ground that it stated no equity nor deprived the court of the right to pass on his return in the nature of a demurrer. Flannigan alone can not interplead, nor can he force Rule to join in an interpleader. Two things were necessary to authorize the court to order an interpleader: first, an appropriate bill for that purpose and, second, jurisdiction of the parties making adverse claims to the thing to be interpleaded for. The court had jurisdiction of the parties but it ruled that the bill for the interpleader did not state facts sufficient to authorize it to order the parties to interplead. If this ruling of the court was correct, then it rightfully dismissed the bill.

The Tourville and Flannigan judgments are both judgments at law against the same judgment debtor and for the same debt. Can the defendant in such circumstances compel its judgment creditors to come into a court of equity and interplead for the debt? is the question raised by the pleadings. A judgment is a finality. It ends the controversy as between the parties and it would seem on principle, the party in whose favor a judgment has been rendered should not be called upon by the judgment debtor a second time to make good his claim, unless the integrity of the judgment itself is directly attacked for fraud, or that other claimants of the debt or fund, in whose favor no judgment has been rendered, make claim to the fund. We have been cited to no case where it has been held that ordinary judgment creditors, having a common debtor, have ever been required to come into a court of equity and interplead for the purpose of determining which of the two judgments should be paid.

Priorities may be adjudicated by an interpleader's bill where there are conflicting claims as to which of

several claimants should be first paid out of a particular fund or from the sale of specific property and on which the claimants claim to have legal or equitable liens; but ordinary judgment creditors are not in this class. That they can not be compelled to interplead at the instance of a common debtor is, we think, supported both on authority and reason. Cheever v. Hodgson, 9 Mo. App. 565; Dodds v. Gregory, 51 Miss. 351; Woodruff v. Taylor, 20 Vt. 65; Provident Savings Institution v. White, 115 Mass. 112. The cases of Hamilton v. Marks, 5 De Gex & Smale 638; Johnson v. Maxey, 43 Ala. 521; Mills v. Townsend, 109 Mass. 115; Newhall v. Kastens, 70 Ill. 156; Building Association v. Joy, 56 Mo. App. 433, cited and relied on by appellant, do not meet the difficulty in the case at bar. In each of the above cases the debtor occupied the situation of a stakeholder, and as to some of the claimants there had been no judgment. The non-judgment claimants had never had their day in court and were therefore in a situation to come into a court of equity and set up their claims against a judgment claimant; but here both claimants have had their day in court, and appellant has had its day and opportunity in court to make its defenses to both of the claims. It defended the Tourville suit, but from aught that appears in the bill of interpleader and in the pleadings, the defense it might have successfully made as garnishee in the Flannigan suit it did not make, and it is now too late to require Rule, the assignee of Tourville, to come into a court of equity and interplead for a debt that has been reduced to a final judgment and to show his superior claim by showing priority of suit and priority of judgment over the Flannigan judgment, which the appellant might have done as garnishee as a bar to that suit. It may be that under the ruling in Allen v. Watt, supra, the appellant, after paying the Tourville judgment, may successfully enjoin the collection of the Flannigan

judgment in the court of Illinois, but we are clearly of opinion that it is not entitled to the relief prayed for.

On the showing it has made by its bill for an interpleader, the temporary restraining order is dissolved and the judgment is affirmed. *Barclay* and *Goode, JJ.*, concur.