GRAHAM REFINING CO. v. GRAHAM OIL SYNDICATE.    (No. 10651.)

(Court of Civil Appeals of Texas. Fort Worth. April 26, 1924.)

1. Abatement and revival ⬥⇒23 —Plea in abatement setting up adverse claims of others than plaintiff held properly overruled where all parties before court.

In action for proceeds of oil run through defendant's pipe line and sold for plaintiff, plea in abatement alleging claim by another than plaintiff to proceeds of such oil under contract for the purchase of lease *held* properly overruled when all parties interested were before court, so that valid judgment determining their rights could be rendered.

2. Costs ⬥⇒70—Failure of alleged stakeholder to pay sum into court held to preclude recovery of costs and attorney's fees.

In action for proceeds of oil run through defendant's pipe line, where defendant alleged conflicting claims and claimed to be stakeholder, its failure to tender into court amount in controversy *held* to preclude recovery of costs and attorney's fees.

3. Appeal and error ⬥⇒242(I)—Failure to file findings of fact, request for which not brought to court's attention, not reversible error.

Where a request for findings of fact is not called to the court's attention, his failure to file same does not constitute reversible error.

4. Judgment ⬥⇒217—Judgment held final though sum required to be paid into court to await determination of suit in another court.

In action for proceeds of oil run through defendant's pipe line,. judgment requiring defendant to pay the amount into court to await determination of conflicting claims in another court *held*, as between the parties, final.

5. Appeal and error ⬥⇒882(3)—One claiming to be stakeholder below, not entitled to raise question as to merits.

Where defendant, in action for proceeds of oil run through its pipe line, admitted on the trial its liability, and merely alleged conflicting claims to the fund, it is not thereafter on appeal in a position to contest plaintiff's right to recover on its verified account.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Action by the Graham Oil Syndicate against the Graham Refining Company, wherein the Seaboard Oil & Gas Company was made a party. From judgment rendered,

defendant Refining Company appeals. Affirmed.

C. C. Triplett, of Amarillo, for appellant. McFarlane & McFarlane, of Graham, for appellee.

BUCK, J. Suit was instituted by the Graham Oil Syndicate, alleged to be a common-law trust or association, acting through its named trustees, against the Graham Refining Company, a corporation, for $14,830.85, for oil which the latter company had run through its pipe lines for the plaintiff and sold, but which sum the defendant had declined to pay to the plaintiff by reason of an adverse claim thereto by the Seaboard Oil & Gas Company, a foreign corporation. The last-named company was made defendant, and judgment was rendered for plaintiff against the defendant Graham Refining Company for $14,830.85, which sum was ordered paid into the registry of the court to await the result of litigation then pending between the Graham Oil Syndicate and the Seaboard Oil & Gas Company in the federal District Court at Wichita Falls. It was further adjudged that plaintiff take nothing as against the defendant Seaboard Oil & Gas Company. Defendant Graham Refining Company has appealed.

[1] The first proposition is to the action of the trial court in overruling appellant's plea in abatement. The so-called plea in abatement sets up the alleged fact that "prior to the time of the contract alleged in plaintiff's petition" the plaintiff had entered into a contract with the Seaboard Oil & Gas Company whereby the plaintiff agreed to sell to the Seaboard Oil & Gas Company the leasehold estate covering the oil and gas on the land claimed by plaintiff, and from which the oil, the payment for which plaintiff was suing, was produced, and that the plaintiff and the Seaboard Oil & Gas Company had each claimed such oil and had each instructed the defendant Graham Refining Company to make payment therefor to it and not to the other party, and "that this defendant, therefore, occupies the position of stakeholder of all of said funds now in its hands and belonging to either the Graham Oil Syndicate or the Seaboard Oil & Gas Company, the title of and right to which is being claimed by the said Graham Oil Syndicate and Seaboard Oil & Gas Company respectively, and this defendant would be in danger of paying said money to the wrong party should the defendant Graham Refining Company pay said sum to either of said parties, and particularly should it pay said sum to said Graham Oil Syndicate this defendant would be in danger of being subjected to a suit and judgment against it by said Seaboard Oil & Gas Company."

By further pleading, appellant claimed that under the facts alleged it could not safe-

ly pay said amount to either party, and further prayed for attorney's fees of 10 per cent. of the amount sued for. The Seaboard Oil & Gas Company was in court by its answer filed when the plea was overruled, and asked for no affirmative relief against plaintiff. We see no valid reason for abating the action. All parties interested in the subject-matter involved were in court, and a valid judgment binding all parties could have been rendered.

[2] The second proposition directed against the judgment below is predicated upon the third ground alleged in appellant's motion for new trial, to wit:

"The order and judgment of the court is void for the reason that no hearing was had upon the merits of the above-entitled and numbered cause, and the defendant was given no opportunity to present its defense, although present in court by its duly authorized officer, J. G. Kilgore, and its counsel of record."

The appellant asked for no affirmative relief, except as to attorney's fees. In the answer it claimed to be a mere stakeholder, and willing and ready to pay the amount claimed to either the plaintiff or the Seaboard Oil & Gas Company, as might be determined by the court. The appellant states in its third bill of exception that its counsel announced to the court that if the case was tried on its merits he wanted to introduce evidence that the appellant was a mere stakeholder. While the appellant, according to its pleadings, was not in law a stakeholder (see 3 Bouvier's Law Dictionary, p. 3116), yet, if it sought to avail itself of the privilege of a stakeholder in equity, and to place itself in a position to be awarded its costs, including attorney's fees, it should have tendered into court the amount it was owing to one or the other of the claimants. Appellant did not do this. In its answer it had a general demurrer and a general denial, and specifically declined to waive these defenses before pleading the facts under which it was claimed that the appellant was a stakeholder. No tender was made in court of the amount in controversy, and which appellant said it was holding to be paid to the party determined by the court as the rightful owner thereof. See Wabash Ry. Co. v. Flannigan, 95 Mo. App. 477, 75 S. W. 691. In the case of Zachary v. Gregory, 32 Tex. 452, it is said, quoting from the headnote:

"If the defendants had cause to distrust the authority of the plaintiff to collect the money due on the note, their proper course was to bring the money into court and require the plaintiff and his former wards to interplead."

See, also, McAllen v. Brownsville Masonic Ass'n (Tex. Civ. App.) 201 S. W. 660, 662; Pomeroy, Eq. Jur. § 1328; I. & G. N. Ry. v. Barton, 24 Tex. Civ. App. 122, 57 S. W. 292, writ refused.

It will be remembered that the Seaboard Oil & Gas Company, which was brought into the suit evidently at the instance of the appellant, as before stated, failed to set up any affirmative claim or right of recovery against the plaintiff, and failed to ask for any affirmative relief with reference to the money owing by the appellant. We think under these facts that the court properly held that the appellant was not a mere stakeholder, either in law or in equity, and entitled to recover its costs and attorney's fees.

[3] Error is urged to the failure of the trial court to file his findings of fact and conclusions of law. The trial court states that he has no remembrance of any request being made to him for the filing of findings of fact and conclusions of law, and the appellant in its brief admits that the motion was not called to the attention of the trial court. When the request or motion for findings of fact is not called to the attention of the trial judge, and his action thereon is not properly invoked, he is not in error for failure to file findings of fact and conclusions of law. Johnson v. Frost (Tex. Civ. App.) 229 S. W. 558–563; Fitzhugh v. Land Co., 81 Tex. 306, 16 S. W. 1078; Hensley v. Lewis, 82 Tex. 595, 17 S. W. 913; Schauer v. Schauer (Tex. Civ. App.) 202 S. W. 1010.

[4] By the fourth and fifth propositions in appellant's brief it is urged that the judgment below is not final, inasmuch as by its terms the court required the money owing by the appellant to be paid into the registry of the court, there to await the determination of the suit in the federal District Court at Wichita Falls between the plaintiff and the Seaboard Oil & Gas Company. The judgment, in part, reads as follows:

"The court, after hearing the evidence in the cause and considering the pleadings filed by the parties hereto, sustains the exceptions filed by the plaintiff against the answer of the Seaboard Oil & Gas Company and overrules the plea in abatement filed by the defendant, the Graham Refining Company. And the court, being well and sufficiently advised, doth find the issues for the plaintiff as against the defendant, the Graham Refining Company, and assesses the damage of the plaintiff in the sum of $14,830.85 principal, which sum the defendant Graham Refining Company is ordered and directed to pay to the registrar of this court, Willie Riggs, within 20 days from this date, and if said sum is not paid within said time together with the costs of this suit let execution issue for same amount."

At least so far as the issues between the appellant and the appellee are concerned, the judgment is final. The fact that the trial court, out of extra precaution, required the money to be paid into court rather than to the plaintiff, does not cause the judgment to be any the less final as an adjudication between the plaintiff and defendant below. Peterson v. Clay (Tex. Civ. App.) 225 S. W. 1112. With any issues not settled appellant has no concern. Hamilton v. Prescott, 73 Tex. 565, 11 S. W. 548.

[5] The question is raised as to the right of plaintiff to recover upon what is claimed to be its verified account. Since appellant acknowledged below that it owed the money either to the plaintiff or to the Seaboard Oil & Gas Company, and was willing to pay the money to the one held by the court to be entitled to it, the appellant is in no position to question the right of plaintiff to recover judgment for the amount owing by the appellant.

All assignments are overruled, and the judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes