### PENNINGTON v. PENNINGTON et al.
### No. 11058.

Court of Civil Appeals of Texas. Galveston. Nov. 27, 1940.

Walter M. Hilliard and R. S. Bowers, both of Caldwell, for appellant.

Al. L. Crystal and W. M. Hilliard, both of Caldwell, for appellees.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Burleson County denying the application of appellant, O. P. Pennington, to probate the will of W. M. Pennington, who died in Burleson County, Texas, on May 19, 1937.

Said will was admitted to probate in the county court of Burleson County on October 3, 1939. The said O. P. Pennington, who was named independent executor therein, was appointed and duly qualified as such executor.

From the judgment of the county court admitting said will to probate, appellees, Mrs. Leila Hocutt Bailey et al., contestants therein, duly filed their petition contesting the validity of said will and giving notice of appeal to the district court of Burleson County, Texas. In their contest they alleged that they were heirs at law of the said W. M. Pennington, deceased, and were interested in his estate. They filed pleas of res adjudicata, former judgment and estoppel, and alleged that the testator did not have the mental capacity to execute said will and that undue influ-

ence had been exercised by appellant in securing its execution.

On the trial of said cause in the district court, after all the evidence had been introduced and both sides had rested, the court discharged the jury, entered an order sustaining the pleas of res adjudicata, former judgment and estoppel filed by appellees, and entered judgment in favor of appellees denying the application of appellant to probate said will.

The record shows that on March 8, 1933, the county court of Burleson County appointed one J. E. Porter guardian of the person and estate of W. M. Pennington, "a person of unsound mind". The said J. E. Porter qualified as such guardian and later employed appellant, O. P. Pennington, to care for the said W. M. Pennington. Appellant acted in said capacity until May 11, 1936, when he was discharged.

On January 11, 1935, during the time appellant, O. P. Pennington, was employed to care for him, the said W. M. Pennington, by his mark, executed the will involved in this appeal in which he devised and bequeathed all of his property, both real and personal, to appellant, O. P. Pennington, and in which the said O. P. Pennington was named independent executor without bond. Thereafter, by deed dated September 14, 1935, the said W. M. Pennington conveyed his entire estate, both real and personal, to the said O. P. Pennington, reciting as the consideration therefor his love and affection for his said nephew and the fact that the said O. P. Pennington had cared for and looked after him and his property. Thereafter, by deed dated March 12, 1936, the said O. P. Pennington, joined by his wife, conveyed one-half of the property received by him in said deed from W. M. Pennington to Mrs. Della Cummings, the sister of the said W. M. Pennington.

Thereafter, by order entered on May 11, 1936, J. E. Porter was released from his appointment as guardian of the person and estate of W. M. Pennington, "a person of unsound mind", and appellant, O. P. Pennington, was appointed as substitute guardian in his place.

W. M. Pennington died on May 19, 1937. The parties to this action are the heirs of W. M. Pennington, deceased, and, with the exception of appellant, O. P. Pennington, and Mrs. Della Cummings, were and are non-residents of Burleson County, Texas. They did not learn of the death of the said W. M. Pennington until August, 1938. On October 10, 1938, suit was filed by certain of said heirs in the district court of Burleson County, Texas, numbered 14,025 on the docket of said court, and entitled Sophia Pennington et al. v. O. P. Pennington et al., wherein they sought recovery of their undivided interests in the estate of W. M. Pennington, deceased, as his heirs at law. They sought the cancellation of said deeds of conveyance from W. M. Pennington to O. P. Pennington and from O. P. Pennington and wife to Mrs. Della Cummings, the removal of the cloud cast on their title to said property by virtue of said deeds, and for the partition thereof. Thereafter the other heirs at law of the said W. M. Pennington, with leave of the court, filed their plea of intervention in said cause. They joined the plaintiffs in said cause in their prayer for relief.

Defendants in said cause, appellant O. P. Pennington and Mrs. Della Cummings and her husband, answered by general denial and general demurrer, and, in the alternative, by a special plea of limitation. They alleged that they were entitled to the property in controversy by virtue of said deeds. By pleas of reconvention they set up certain claims for services rendered and money advanced W. M. Pennington, deceased, and his estate.

During the trial of said cause No. 14,025, evidence was introduced by defendants setting up the fact that the said W. M. Pennington had, prior to his death, executed a will wherein he had devised all of his property to the said O. P. Pennington.

Appellant states in his brief that this testimony was introduced only as a circumstance to show the mental capacity of W. M. Pennington to execute the deed from him to O. P. Pennington. Said will was not introduced in evidence by defendants. Later it was introduced in evidence by plaintiffs, over the objection of defendants.

In a trial before the court without a jury judgment was rendered cancelling said deeds, awarding the title and possession of all of the property of the said W. M. Pennington, deceased, to his heirs, plaintiffs, intervenors and defendants in said suit, and appointing commissioners to partition said property among the parties at interest. During the trial of the case the court excluded from considera-

tion the claims of the defendants against said estate for services rendered and money advanced by them, on the ground that the district court did not have jurisdiction thereof. Said judgment recited that said claims could only be adjudicated in the administration of said estate. No appeal was perfected from said judgment and no further action has been had therein, and, since said judgment is not void, it cannot be collaterally attacked in this action.

Thereafter, on October 3, 1939, said will was admitted to probate by the county court of Burleson County, and an appeal was taken by contestants therein, the plaintiffs and intervenors in said cause No. 14,025, to the district court of Burleson County.

At the conclusion of the testimony in the trial of said cause in the district court, the court discharged the jury, sustained appellees' pleas of res adjudicata, former judgment, and estoppel, and refused the probate of said will, holding in effect that the judgment in said cause No. 14,025, was decisive of and settled all issues involved in this appeal, and that appellant, O. P. Pennington, was estopped by reason of said judgment and the pleadings therein from probating said will.

Appellant assigns error in the action of the trial court in admitting the judgment in cause No. 14,025 in evidence in this case, for the alleged reasons that said judgment was not a final judgment and was not res adjudicata as against the probate of said will, since the court in the trial of said cause and in the rendition of the judgment therein expressly excluded the claims of defendants against said estate, and for the additional reason that the commissioners appointed to partition the property involved in said action could not report until said claims had been settled and had not reported up to the time of the trial of this suit.

■ The contention that said judgment was not final cannot be sustained. The trial court having sustained plaintiff's exceptions to that portion of defendants' pleadings in which they sought recovery for moneys advanced and services rendered and defendants having failed to perfect their appeal, defendants, including appellant herein, cannot in the present action complain of the court's ruling thereon.

■ Further, it is the established rule in this state that a judgment is final if it terminates the litigation of the parties thereto on the merits so that nothing remains to be done but to execute it according to its terms though further proceedings may be required to carry the judgment into effect. Ware v. Jones et al., Tex. Com.App., 250 S.W. 663. This rule applies even though the parties thereto are required to pay certain sums into court to await determination of conflicting claims in another court. Graham Refining Co. v. Graham Oil Syndicate, Tex.Civ.App., 262 S.W. 142.

■ As to appellant's contention that the judgment in cause No. 14,025 was not res adjudicata as against the probate of said will, Article 7391, Revised Statutes of 1925, provides that: "Any final judgment rendered in any action for the recovery of real estate shall be conclusive as to the title or right of possession established in such action upon the party against whom it is recovered, and upon all persons claiming from, through or under such party, by title arising after the commencement of such action."

■ The case of Trigg et al. v. Whittenburg et al., Tex.Civ.App., 129 S.W.2d 472, 474, in which writ of error was refused, involved the title and possession of land in Hutchinson County. The identical land and the parties therein had been involved in a suit in the district court of Travis County. Defendants, by way of general demurrer, interposed the Travis County cause and the final decree therein as res adjudicata to the claim asserted by Trigg. The court in said cause, in holding that said Article 7391 merely enacted into law the equitable rule that there should be an end to all litigation, says: "The language of this article makes it incumbent upon a litigant to present in the first instance all the reasons he has to offer as a basis for recovery. No new and independent rights having accrued to him after such judgment he is not permitted to maintain another suit seeking to recover the same property upon some theory not advanced in the former action. To permit such a practice would be tantamount to the abolition of final judgments. * * * The final judgment in the former suit denying the plaintiff any recovery necessarily adjudicated that the land in question was not unsurveyed school land, which is the very question that the plaintiff now seeks to adjudicate in this action."

The court in its opinion cited the case of Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 99, 47 Am.St.Rep. 79, wherein certain defendants in a former judgment sought in a new suit to avoid the effect of that judgment in a situation similar in some respects to that presented in the instant case. Chief Justice Stayton, speaking for the Supreme Court, in his opinion held that where it appears from the record of a court having jurisdiction over the parties and subject matter that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties when the same issue is again presented, and in such case extrinsic evidence cannot be received to contradict the record by showing that an issue necessarily involved in the case was not presented and decided. Judge Stayton quotes with approval from the case of Foster v. Wells, 4 Tex. 101, 104, wherein the court held: "That the judgment or decree of a court possessing competent jurisdiction shall be final as to the matters determined, cannot be controverted. The principle, however, extends further. It is not only final as to the matters actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided."

■■ The will involved in this appeal was executed prior to the execution of the deeds on which cause No. 14,025 was based. By sitting silent and not seeking a postponement of the trial for the purpose of having said will probated and by electing in his pleadings to take under the judgment in cause No. 14,025, appellant in effect assumed the attitude that if he was unsuccessful in the litigation involved in said suit No. 14,025, he could and would thereafter litigate the question of the title and possession of the identical property involved therein in another action involving the title thereto under said will in which the parties in said cause No. 14,025 would be interested.

The term estoppel implies that one who by his deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent attitude or course of conduct and thereby cause loss or injury to such other. Appellant by his pleadings elected to take under the judgment in cause No. 14,025 in the event the deed of W. M. Pennington to him was can-

celled or set aside. Said deed was cancelled and set aside and no appeal was perfected in said suit.

The trial court, in sustaining appellees' plea of estoppel, held, in effect, that by such action, appellant had waived his right to probate said will and elected to hold under said deed from W. M. Pennington to him and is now estopped from repudiating said judgment and electing to take under said will.

The judgment of the trial court will be in all things affirmed.

Affirmed.