Arthur L. BADEAU, Appellant,

v.

The NATIONAL LIFE & ACCIDENT IN-SURANCE COMPANY, a corporation, Respondent.

No. 22559.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1957.

Southall & Southall, Kansas City, for appellant.

Paul Van Osdol, Jr., Kansas City, for respondent.

HUNTER, Judge.

This is an appeal by plaintiff-appellant from the judgment of the trial court which taxed the costs of the case against the fund deposited in court by a defendant as an interpleader action.

On January 25, 1943, defendant-respondent, The National Life and Accident Insurance Company, issued its policy of life insurance in the amount of $260 to Will Turner, the insured, with his daughter, Rosetta Turner, designated therein as beneficiary. Will Turner died August 10, 1955, while the policy was in force. On October 19, 1955, Arthur L. Badeau, plaintiff-appellant herein, a funeral director, obtained an ex parte order from the Probate Court denying letters of administration upon the estate of Will Turner and awarding the policy to plaintiff, as a creditor of deceased, for the purposes stated therein.

Plaintiff brought suit in the Magistrate's Court on the policy in the sum of $260 against the defendant insurance company. Defendant filed its answer in the form of a general denial in which it also alleged that the named beneficiary of the policy, Rosetta Turner, was believed by defendant to be presently alive, and that, therefore, plaintiff, Arthur Badeau had no legal claim to the proceeds of the policy. Thereafter, defendant filed a motion to transfer the cause to the circuit court to permit equitable defenses to be established. By agreement of parties the court sustained this motion, and the cause was transferred.

In the circuit court on February 11, 1956, defendant filed its motion to add as a third-party defendant the named beneficiary, Rosetta Turner, alleging that under the terms of the policy its assignment was specifically prohibited and therefore in the event of the death of the assured while the policy was in effect, Rosetta Turner was the named beneficiary and would be entitled to the proceeds thereof, and is a necessary party; that she had absented herself from her usual place of abode in the state so that personal service could not be obtained upon her and since her address is unknown that an order for service by publication was necessary. With leave of court defendant filed its answer in which it called to the court's attention the policy by its terms was not assignable; that Rosetta Turner was the named beneficiary therein and believed by defendant to be alive and thus entitled to the proceeds of the policy; that, therefore, plaintiff has no legal claim to the policy or its proceeds; and that in order to enable the court to fully determine all the rights of the various parties in and to the policy the defendant interpleaded and tendered the policy and its proceeds into court and requested the court to make full and final determination of the rights of all the parties in and to the policy and its proceeds; and that defendant be dismissed with its costs. Also with leave of court defendant filed its third-party petition against third-party defendant, Rosetta Turner, praying, among other things, that the court require strict proof of all the allegations contained in plaintiff's petition, and that after hearing all the evidence, determine who is entitled to the proceeds of the policy which it had tendered into court; that defendant be relieved of further liability under the policy and that the costs be assessed against the proceeds of the policy.

Service by publication was made on third-party defendant. On June 28, 1956, the cause came on for trial before the court. Third-party defendant, Rosetta Turner, did not appear. Defendant Insurance Company appeared by its counsel and tendered into court $260, the face value of the policy and admitted the death of the assured. Plaintiff adduced some evidence, mostly hearsay in nature, to the general effect that the named beneficiary, Rosetta Turner, had left her home with her father in Kansas City, Missouri, in 1945 or 1946, and had probably gone back to the State of Oklahoma where she was born. She had not returned to Missouri so far as the two witnesses knew. See Presumption of Death, Section 490.620 RSMo 1949, V.A.M.S. Defendant offered no evidence but its counsel did cross-examine one of plaintiff's witnesses and otherwise participated in the trial.

█ The trial court found that Rosetta Turner was deceased and that plaintiff was entitled to $260, the full amount of the policy which defendant had paid into court; ordered that defendant be fully discharged of any liability arising under the policy and that after paying from the proceeds of the policy all the costs of this proceeding the balance was to be paid to plaintiff. Thereafter, plaintiff filed and presented his motion to retax the costs against defendant. The trial court overruled this motion. The motion was timely filed, and its content is such that we treat it as a motion to amend under Section 510.310 RSMo 1949, V.A.M.S. Cf. State ex rel. State Highway Commission of Mo. v. Graeler, Mo.App., 303 S.W.2d 944; Christian County v. Dye, Mo.Sup., 132 S.W. 2d 1018; Supreme Court Rule 3.23, 42 V.A. M.S.

We express no opinion in this case as to the validity of the mentioned probate court order since counsel has neither raised nor preserved any such question.

On this appeal plaintiff's sole contention is that the trial court erred in ordering the costs of the case, and particularly the costs of service by publication on third-party defendant, to be paid out of the interpleaded fund. See Graden v. Patrick, Mo.App., 162 S.W.2d 287, 289. We limit ourselves to the consideration of that question.

It has long been the practice to allow a stakeholder, who has made out a case for interpleader, his costs of the interpleader suit out of the fund deposited in court. Heinrich v. South Side National Bank in St. Louis, en Banc, 363 Mo. 220, 250 S.W. 2d 345; Concordia Fire Insurance Co. v. Alexander, Mo.App., 50 S.W.2d 687; Oldham v. McKay, 235 Mo.App. 348, 138 S.W. 2d 735; Eves v. Sovereign Camp, W.O.W., 153 Mo.App. 247, 133 S.W. 657; 30 Am.Jur., Interpleader, 232, sec. 26. Ordinarily the successful claimant eventually gets these costs back, as well as his own costs, from the claimant who does not successfully support his claim. Spicer v. New York Life Insurance Co., 237 Mo.App. 725, 167 S.W.2d 457; Clay County Court v. Baker, 210 Mo. App. 65, 241 S.W. 447; State ex rel. Tuemler v. Goldstein, 209 Mo.App. 102, 237 S.W. 814; Sovereign Camp Woodmen of the World v. Wood, 100 Mo.App. 655, 75 S.W. 377.

█ Plaintiff primarily relies upon that section of the code which provides: "In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." Section 514.060 RSMo 1949, V.A. M.S. See also Sec. 521.530. However, statutory section 514.060 has not been construed to apply to true interpleader actions so as to prevent a court from allowing the interpleader his costs. True interpleader is an equitable remedy existing independent of statute. Our legislature by statute has liberalized the scope thereof. Section 507.- 060 RSMo 1949, V.A.M.S. This has not changed its inherent equitable nature, nor the right of the stakeholder under proper circumstances to pay the money into court and be discharged with his costs. Heinrich v. South Side National Bank in St. Louis, supra; John A. Moore & Co. v. McConkey,

240 Mo.App. 198, 203 S.W.2d 512; Plaza Express Co. v. Galloway, Mo.Supp., 280 S.W.2d 17; Amitin v. Izard, Mo.App., 262 S.W.2d 353.

■ While the general rule is that where interpleader is properly brought, the stakeholder is entitled to costs which may be allowed out of the fund deposited in court, it is also the general rule that the action of interpleader must be a proper one. As stated in 48 C.J.S. Interpleader § 50, p. 105: "Even in jurisdictions in which costs ordinarily are allowable to complainant or the stakeholder, he is entitled to his costs out of the fund, only in those cases in which the bill of interpleader is necessarily and properly filed as against both claimants." As said by the Supreme Court in Brown v. Curtin, en Banc, 330 Mo. 1156, 52 S.W.2d 387, 392: "Interpleader cannot be maintained unless it is shown that (the) claimant sought to be brought in is in existence and capable of interpleading." See also 33 C.J., Interpleader, page 427, sec. 10; 48 C.J.S. Interpleader § 11; Wabash R. Co. v. Flannigan, 95 Mo.App. 477, 486, 75 S.W. 691.

■ Defendant's motion requesting interpleader, its answer and third-party petition clearly disclose that the only person who had made or indicated any claim to the proceeds of the policy was plaintiff. They also disclose that defendant did not know Rosetta Turner's whereabouts and that personal service could not be obtained upon her. The pleadings and defendant's other conduct indicate clearly that defendant did not know whether or not she was alive, and had no available evidence or knowledge indicating that she was still alive. Third-party defendant was never personally served, nor did she ever subject herself to the court's jurisdiction. There was no evidence or indication that the trial court's finding that she was deceased was not correct. Under such circumstances we do not believe that the defendant was entitled to his costs from the fund as in a properly brought interpleader action where at least two or more conflicting claimants in exist-

ence have been interpleaded. 30 Am.Jur., Inderpleader, sec. 8, page 218; Klaber v. Maryland Casualty Co., 8 Cir., 69 F.2d 934, 937, 106 A.L.R. 617; Wabash R. Co. v. Flannigan, supra. The usual rule that the prevailing party should recover his costs appears both proper and equitable to apply to the peculiar facts of this case.

Since defendant has not appealed from the learned trial judge's ruling on the merits of the case, the cause is remanded to the trial court with directions to amend its judgment as to costs in accordance with the views expressed herein.

All concur.