## JOHNSON v. NEW YORK LIFE INS. CO.
### No. 7444.

Circuit Court of Appeals, Fifth Circuit.

Feb. 15, 1935.

A. Y. Clement and T. J. Blackwell, both of Miami, Fla., for appellant.

Joseph F. McPherson, of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal from a decree dismissing on motion a bill in equity brought by Blanche M. Johnson to enforce payment of a policy of insurance for $10,000 issued by the New York Life Insurance Company on the life of her husband, Perry M. Johnson.

The policy became effective January 19, 1926, and acknowledged receipt of the first annual premium. It provides for the waiver of premium in the event the insured should become totally disabled from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, on condition that such disability had been continuous for a period of not less than three consecutive months from date of default, and that due proof thereof should be received by the company not later than six months after default, in payment of premium. It was made subject to a trust agreement whereby the company was to receive as trustee from itself as insurer the proceeds of the policy in the event of liability because of death, and be discharged as insurer from further liability with the right of mingling such proceeds with its general corporate funds. The company as trustee agreed to pay the proceeds of the policy to appellant as beneficiary in installments of $100 a month, and, in the event of her death, to pay any balance to her executors or administrators. The bill

alleges that, while the policy was in force, the insured became totally disabled from tuberculosis for a period of not less than three consecutive months and defaulted in the payment of the annual premium due January 19, 1927, and that due proof of his total disability was received by the insurance company not later than six months after default; that in April, 1927, the insured applied for reinstatement of the policy, and that upon payment of a quarterly premium it was reinstated; that in June, 1927, he notified the company of his total disability, and caused to be sent to it an affidavit of a physician to the effect that a physical examination of the insured, made in February, 1927, revealed that he was suffering from tuberculosis in both lungs, and had been for several months; that the physician's affidavit was received at the home office of the company within six months after default in the payment of premium; that the company returned the quarterly premium received in April and rescinded its reinstatement of the policy, claiming that the condition of the insured's health had been misrepresented to it, and that the policy had lapsed for non-payment of premium; and that the insured died in January, 1928, but appellant, relying upon appellee's statement that the policy had lapsed, made no proof of death or claim under the policy until she was advised in 1933 that the policy had not lapsed, but still remained in force because of its waiver of premiums on account of total disability. The bill was filed in November, 1933.

 Appellant states such a case as in our opinion entitles her to come into a court of equity. She seeks to enforce a trust; to compel her trustee to account to her for a trust fund. Under the trust agreement, she has no remedy at law against appellee in its capacity as insurer. It is for the trustee, not for her, to collect the insurance. It can make no difference that her trustee and the insurer are one and the same. Appellee, assuming that it could, does not rely on the statute of limitations or laches as a defense, but takes the position that the bill does not contain sufficient allegations in respect of the receipt by appellee of due and timely proof of total disability. Receipt of proof of disability was not made a condition precedent to the waiver of premium, but the existence of total disability without proof fixed liability provided proof was made not later than six months after default. The case of Kincaid v. New York Life Insurance Co. (C. C. A.) 66 F.(2d) 268, relied on by appellee, is not in point, for there the whole question was whether the surrender value of the policy was enough to extend the insurance up to the time of the death of the insured. It is alleged that in February, 1927, a physician's examination of the insured revealed definite tuberculosis in both lungs, and that this physical condition had existed for several months. This allegation was certainly sufficient to show that the insured had been suffering from tuberculosis in both lungs from the date of default, and also that in all probability he continued so to suffer until his death. We do not think it can be doubted that the insured was, and for three months had been, so disabled as to demand complete rest, and to prevent him from doing any work or engaging in any business for profit. Standard Accident Ins. Co. v. Bittle (C. C. A.) 36 F.(2d) 153; United States v. Rentfrow, 60 F.(2d) 488. The averments of the bill were ample to call for proof on the question of total disability. The case presented is one which, as it seems to us, can be decided satisfactorily only by hearing and considering the evidence.

The decree is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.