## FIRST TRUST COMPANY OF SAINT PAUL v. NORTH-WESTERN MUTUAL LIFE INSURANCE COMPANY.[1]

January 6, 1939.

No. 31,876.

*Cobb, Hoke, Benson, Krause & Faegre, George D. McClintock,* and *Wright W. Brooks,* for appellant.

*O'Brien, Horn & Stringer* and *McNeil V. Seymour,* for respondent.

PETERSON, JUSTICE.

In this action plaintiff sues for a declaratory judgment that defendant retain the proceeds of four policies of life insurance upon

[1]Reported in 283 N. W. 236.

the life of Edgar B. Ober, deceased, in the face amount of $50,000, on which there are certain accruals and from which certain premiums are to be deducted, at interest in accordance with an option in each of the policies which plaintiff exercised. Each policy contains an option numbered "A" in substantially the same language, which provides that where, as in the instant case, the insured has not made the election in his lifetime, the beneficiary after the death of the insured may elect in lieu of the payment of the proceeds due on the policy in one sum to have the defendant retain the proceeds of the policy at three per cent interest per annum and pay to the beneficiary the income together with the annual dividends on the policy until the death of the beneficiary, or the last surviving beneficiary if there be more than one, when the amount not withdrawn should be paid to the beneficiary's or such last beneficiary's, executors, administrators, or assigns.

On January 28, 1929, Agnes Ober, the wife of the insured, executed a trust agreement wherein her husband and plaintiff's predecessor (herein we shall refer to the plaintiff and its predecessor as the corporate trustee) were named as trustees. She agreed among other things to assign to the trustees the four insurance policies and, after the assignments had been executed, authorized them "* * * to exercise and enjoy all options, rights and privileges therein and beneficial interests thereunder, as fully and effectually as the grantor might have done." Certain securities were transferred to the trustees. The trust agreement provided that during the life of the insured the trustees should use the income to pay the insurance premiums and after his death the entire income of the trust was to be paid to Mrs. Ober and after her death that the trust should be continued for the three children of the Obers until terminated as therein provided. It was also provided that upon the death of the insured the corporate trustee should receive and hold the proceeds of the policy in trust for the purposes set forth in the trust agreement.

Prior to January 16, 1929, Mr. Ober had designated his wife as beneficiary and his children as contingent beneficiaries of the insurance, and on that date he executed an assignment of the policies

to his wife as a gift. On January 28, 1929, contemporaneous with the execution of the trust agreement, Mrs. Ober executed an assignment of the policies to the corporate trustee, revoking all prior designations of beneficiaries and contingent beneficiaries. On January 29, 1929, the corporate trustee transmitted to defendant copies of the trust agreement and the assignments from Mr. Ober to Mrs. Ober and from Mrs. Ober to the corporate trustee. In the transmittal letter it advised defendant, "it is intended that the above policies shall be irrevocably payable and assigned to our company as trustee for the purposes of the said agreement and the within forms are to accomplish this purpose." The insurance company acknowledged receipt of the letter and the enclosures, referring to them as a request for the designation of the corporate trustee as "trustee-beneficiary." It suggested that new assignments be executed and enclosed with its letter forms of assignment prepared by it to be used in lieu of those which had already been executed. This letter recited that the policies were to be irrevocably payable and assigned to the trustee "for the purpose set out in the agreement" and that the assignment from Mrs. Ober to the trust company was designed to enable the insurance company to deal direct with the trustee without regard to the application or disposition of the trust funds. Thereafter, on February 26, 1929, the insured on the form provided by the company, assigned to Mrs. Ober the four insurance policies. The assignment contained a provision that "the power to exercise all rights and privileges specified in said policies shall be vested solely in the assignee," except that she was not to name anyone as beneficiary who did not have an insurable interest in the life of the insured. February 27, 1929, Mrs. Ober, then the irrevocable sole beneficiary named in the policies, assigned all her right, title, and interest in the policies to the corporate trustee. This assignment provided that the insurance company shall have the right to deal directly and exclusively with the corporate trustee and make any payments due under the policies to it "and in making such payment while said trustee, or its successors in trust remains assignee, the insurance company shall not be obliged to deal with or take cognizance of any cestui

que trust and shall not be responsible for the proper application or disposition of any funds paid to such trustee." The reason for this provision was stated in the letter of the insurance company transmitting the forms for execution referred to above.

The insured died on July 22, 1937, and proofs of claim were filed by the plaintiff in which it attempted to exercise option A of each policy. Defendant denied plaintiff's right to exercise the option and tendered payment in one sum. The court found the facts as stated and that the assignment from Mrs. Ober to the corporate trustee was prepared by the defendant for the purpose of vesting, and that it did vest, in the corporate trustee, all rights, privileges, and options possessed by Mrs. Ober, including both the rights accruing to her by reason of her designation as beneficiary and as assignee; that Agnes Ober was the person to be benefited by and who would receive all the income to be collected from the defendant on the amount retained by it by reason of the exercise of option A of each of the policies; that the defendant's obligations were not enlarged or its rights prejudiced by permitting plaintiff as trustee of Agnes Ober to exercise for her lifetime option A, which but for the assignment by her to the corporate trustee she would have been entitled to exercise for precisely the same period; and that the execution of the trust agreement and the assignments were part and parcel of a single plan to secure to Mrs. Ober during her lifetime the benefits of the four insurance policies and the income therefrom by constituting the plaintiff her agent and trustee to make settlement of such policies with defendant upon whichever alternative mode of settlement plaintiff should deem best, and to pay over to her during her lifetime the income accruing on such insurance. The decision was for plaintiff, and defendant appeals from the judgment.

Defendant's contentions on the appeal are (1) that plaintiff was not the beneficiary and hence did not have the right to exercise options belonging to the beneficiary, including option A; (2) that plaintiff as assignee is not entitled to exercise the options for the reason that only a beneficiary may do so after the death of the in-

sured; and (3) that the trust agreement makes it the duty of the trustee to accept payment in one sum.

■ The insurance policies and the assignments should be given a reasonable and practical construction not inconsistent with the language therein used to effectuate the intention of the parties. Wilson v. Metropolitan L. Ins. Co. 187 Minn. 462, 245 N. W. 826; 14 R. C. L. 925, § 102; 2 Cooley, Briefs on Insurance (2 ed.) 965. That intention was to transfer the policies to plaintiff in trust with power to make settlement upon the plan which seemed best and to secure to Mrs. Ober during her lifetime the benefits of the insurance. This involved, as does the creation of every trust, the separation of the legal and beneficial interests. Julian v. Northwestern Trust Co. 192 Minn. 136, 255 N. W. 622; 26 R. C. L. 1186, § 22; 1 Restatement, Trusts, § 2, comments f and h. The trust agreement and the assignments were intended to effect that separation. The assignment from Mr. Ober to Mrs. Ober, subject to the exception above mentioned, vested in her the entire legal and equitable interest in the policies, which she was free to dispose of as she pleased. Bingham v. United States, 296 U. S. 211, 56 S. Ct. 180, 80 L. ed. 160; In re Hayes' Will, 131 Misc. 806, 229 N. Y. S. 113. She could assign the insurance in trust for her own benefit, Mee v. Fay, 190 Mass. 40, 76 N. E. 229; Matlock v. Bledsoe, 77 Ark. 60, 90 S. W. 848; 1 Restatement, Trusts, § 84, comment b, which she did in fact by her assignment of the policies to plaintiff. The assignment vested in the corporate trustee for Mrs. Ober's benefit all rights, privileges, and options which she had under the policies, including the right to exercise option A as beneficiary, as the parties intended. Plaintiff was given all the legal rights, and Mrs. Ober retained all the benefits under the policies. Plaintiff was to use and exercise the rights, privileges, and options contained in the policies the same as Mrs. Ober, except for the assignment, could have done for her benefit. The assignment was not to plaintiff as assignee in its own right, but as trustee-beneficiary, to use the term employed by defendant in its letter.

It was not intended that the creation of the trust should be attended with any loss of the beneficiary's rights, options, privileges,

and beneficial interests under the policies. Any such loss would have defeated the trust in part at the very outset. At the time the assignment was made by Mr. Ober to Mrs. Ober she was the named beneficiary in the policies. There is no hypothesis for holding that the assignment from the insured to her was anything but a transfer of additional rights under the policies or that they were in lieu of or extinguishment of the rights which she then had. It seems clear that she was to retain the rights which she then had as beneficiary and acquire such additional rights as might accrue to her by the assignment of the policies. By upholding defendant's contentions, the beneficiary's option rights and privileges would be lost, contrary to the intention of the parties. That result will be avoided.

Defendant's contentions relate to the rights of assignees under absolute assignments. In such a situation the assignor transfers to the assignee his entire interest, both legal and equitable, and thus he disappears entirely from the picture. Here we have a different situation. The assignment from Mr. Ober to Mrs. Ober was absolute, and that from Mrs. Ober to plaintiff was an assignment in trust for her benefit. Obviously the rights of the parties in the respective situations are different. The cases cited by the defendant do not involve a situation such as we have here.

Plaintiff as trustee acquired all the rights of the beneficiary under the insurance policies in trust with the right to exercise option A for her benefit.

■ The trust agreement did not expressly make it the plaintiff's duty to receive payment of the amounts due in one sum by the provision that upon the death of the insured the "Corporate Trustee shall receive and hold the proceeds of the policies * * * upon the uses and trusts and for the purposes herein set forth." The proceeds of the policies are the moneys due thereunder. In the instant case the proceeds were to be determined by the exercise of one or more options contained in the policy. The proceeds of the policy here are the sums which became due under the policy in consequence of the corporate trustee's exercise of option A.

Since the plaintiff is entitled to recover as trustee of the beneficiary's rights, it is not necessary to consider the other questions presented.

The judgment is affirmed.

MR. CHIEF JUSTICE GALLAGHER took no part in the consideration or decision of this case.