HOWARD L. SPICER ET AL., RESPONDENTS, v. NEW YORK LIFE INSURANCE COMPANY, A CORPORATION ET AL., DEFENDANTS. EDWARD J. MC-DONALD, APPELLANT.—167 S. W. (2d) 457.

Springfield Court of Appeals. December 21, 1942.

Rehearing denied January 13, 1943.

*Edward J. Houlihan* for appellant.

*Henry Warten* for respondents.

SMITH, J.—The petition in the above-entitled cause was filed in the office of the Clerk of the Circuit Court of Jasper County, at Joplin on May 9, 1941. Summons was duly issued returnable to the September Term, 1941, of said court. This cause was entitled Howard L. Spicer, Delphine Spicer and Florence Denny, plaintiffs, v. New York Life Insurance Company, a corporation, Mississippi Valley Trust Company, a corporation, T. R. Madden, Public Administrator of the City of St. Louis, and Administrator of the Estate of Mary E. Spicer, Laura S. Brown, Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmett Meyer, Francis X. Meyer, and Mrs. James A. Kyle, defendants. The last six defendants were thereafter made party plaintiffs, and Edward J. McDonald was granted leave to intervene as a party defendant.

The pleadings are lengthy and we do not set them out since no complaint is made about them.

This is an appeal from a declaratory judgment of the Jasper County Circuit Court adjudging and declaring that respondents are the sole and only persons entitled to the balance of a trust fund remaining in the hands of the New York Life Insurance Company upon the death of Charles B. Spicer's widow, Mary E. Spicer.

Respondents are, respectively, the brother, sisters and children of a deceased sister of Charles B. Spicer, and are the persons designated in his last will as his legatees. Appellant Edward J. McDonald is the brother of Mary E. Spicer, and is her sole heir and distributee.

The case was submitted to the trial court upon an agreed statement of facts. This statement is long, but we quote it as follows:

"It is hereby stipulated and agreed that the following facts are, and shall be, admitted for the purpose of, and on, the trial of this action, saving, however, all just exceptions as to their admissibility in evidence:

"1. That on December 13, 1923, the defendant, New York Life Insurance Company, issued its policy of life insurance No. 8617731,

in the sum of Five Thousand Dollars ($5000.00), on the life of the Charles B. Spicer, and delivered the same to said Charles B. Spicer in the State of Missouri. A photostatic copy of said policy is hereto attached, made a part hereof and marked Exhibit A.

"2. That on January 15, 1924, the defendant, New York Life Insurance Company, issued its policy of life insurance No. 8617732, in the sum of Five Thousand Dollars ($5000.00), on the life of the said Charles B. Spicer, and delivered the same to said Charles B. Spicer in the State of Missouri. This policy is identical with Exhibit A, except that the beneficiary is Mary E. Spicer, wife of the insured; and it is dated January 15, 1924.

"3. That on May 13, 1924, the defendant, New York Life Insurance Company, and said Charles B. Spicer entered into a trust agreement covering the proceeds of said policy No. 8617731. A photostatic copy of said trust agreement is hereto attached, made a part hereof and marked Exhibit B.

"4. That on April 17, 1924, the defendant, New York Life Insurance Company, and said Charles B. Spicer entered into a trust agreement covering the proceeds of said policy No. 8617732. It is agreed that this trust agreement is identical with Exhibit B, except it is dated April 17, 1924.

"5. That the said Charles B. Spicer died in the City of St. Louis, Missouri, on or about the 26th day of October, 1935, and that before his death, to-wit, on the 14th day of August, 1934, the said Charles B. Spicer made his last will and testament, which said last will and testament was, on the 13th day of November, 1935, duly admitted to probate by the Probate Court of the City of St. Louis, Said last will and testament of Charles B. Spicer is as follows:

" 'I, Charles B. Spicer, of the City of St. Louis and State of Missouri, hereby revoking all wills by me at any time heretofore made, do make, publish and declare the following as my last will and testament:

" 'Item One: I hereby nominate and appoint my beloved wife, Mary E. Spicer, and the Mississippi Valley Trust Company of St. Louis, Missouri, as executrix and executor, respectively, of this my last will, and I direct them to pay all my just debts as soon as may be convenient after my death. I further direct that my wife shall not be required to give bond as executrix.

" 'Item Two: I give and bequeath unto my beloved wife, Mary E. Spicer, as her own property absolutely, all the furniture and furnishings for our home whether the same shall be in actual use there or shall be located in storage or elsewhere; also all my personal effects, such as clothing, jewelry, and other personal belongings located in our home, also any automobile or autombiles I may own or be possessed of at the time of my death; also any paintings, bric-a-brac or other personal property, so that all my personal effects at our home

shall pass to and be owned by her as fully and effectually as I shall own them at the time of my death.

" 'Item Three: All the rest and residue of my property, whether the same be real, personal or mixed, and wheresoever the same may be located, I give, bequeath and devise unto the Mississippi Valley Trust Company of St. Louis, Missouri, in fee But In Trust, However, and for and upon the following trusts, to-wit:

" 'Said Trust Company as such trustee, or its successors or successor in trust, shall have the power to take, hold, possess and manage my estate, and shall have the further power to invest, change investments and reinvest in such securities as may be regarded as prudent investments for the trust estate, having in mind always the security of the principal rather than the rate of income, with the exception that any shares of stock owned by me in the E. I. Dupont de Nemours and Company, of Wilmington, Delaware, and the Hercules Powder Company of Wilmington, Delaware, shall not be sold prior to the termination of this trust unless it shall be necessary to do so in order to make the payments to the two beneficiaries herein named. Out of the income received by said trustees, or its successor or successors in trust, there shall be paid to my sister, Delphine M. Spicer, the sum of One Hundred Dollars ($100.00) a month for and during the term of her natural life unless she shall survive my wife, Mary E. Spicer, in which event she shall receive her distributive part of my estate, as hereinafter provided, and upon the receipt of such distributive part her right to any income out of the trust estate herein and hereby created shall cease and determine.

" 'The remaining part of such net income as may be received from time to time by the trustee herein shall be paid over and distributed at convenient periods and as near as may be in monthly payments to my wife, Mary E. Spicer, for and during the term of her natural life. The trust herein and hereby created shall cease and terminate upon the death of my wife, Mary E. Spicer, at which time the trustee shall make full distribution of the *corpus* thereof to my brothers or sisters then living. In the event of the death of any brother or sister prior to the effective date of distribution and either before or after the date of my death leaving descendants in being at the effective date of distribution, then the share of the one so dying shall be distributed and paid over in equal shares to his or her children, it being my will that the *corpus* of the trust estate, upon the death of my wife, shall be delivered and paid over to my brothers and sisters or to their descendants *per stirpes* and not *per capita*.

" 'If any of my brothers or sisters should die prior to the death of my wife, leaving surviving them no children and no descendants of any deceased children, then the *corpus* of my trust estate shall be divided among those of my brothers and sisters who shall survive my wife and to their children *per stirpes*.

" 'It is my will that my wife shall receive an income hereunder of not less than Six Thousand Dollars ($6000.00) per year and if the income received by the trustee hereunder shall amount to less than that amount, then I hereby authorize and direct the trustee to sell and dispose of so much .of the *corpus* of my estate as may be necessary, to provide such income for my wife.

" 'It is my will also that my sister Delphine H. Spicer shall likewise receive an income out of the trust estate herein created of not less than One Hundred Dollars ($100.00) per month, and the trustee hereunder is authorized and directed to make payments thereof with the same power and in the same manner as the payment of the sum of Five Hundred Dollars ($500.00) a month to my wife.

" 'Item Four: All taxes, whether they may be federal, state or local, shall be paid by the executors out of my estate so that the payment shall not be a charge upon the interest of any beneficiary hereunder.

" 'In witness whereof, I, Charles B. Spicer, have to this my last will and testament, consisting, including this page of three (3) sheets of paper, subscribed my name this 14th day of August, 1934.

" ' (Signed)   CHARLES B. SPICER.

" ' The foregoing instrument consisting of three (3) pages, was at the date thereof signed and declared by the said Charles B. Spicer to be his last will and testament, in the presence of us, who, at his request and in his presence, and in the presence of each other, have subscribed our names as witnesses thereto.

" ' (s)   ROBERT N. HAWES
1630 Boatmen's Bank ·Building
St. Louis, Missouri

" ' (s)   BRYAN PURTEET
284 Valley Drive
St. Louis, Missouri

" ' (s)   HENRY DAVIS
1630 Boatmen's Bank Building
St. Louis, Missouri.'

"That thereafter letters testamentary on the estate of the said Charles B. Spicer, deceased, were on the 13th day of November, 1935, granted by the Probate Court of the City of St. Louis to Mary E. Spicer, widow of the said deceased, and Mississippi Valley Trust Company, a corporation, named and appointed in the last will and testament of said deceased as executrix and executor, respectively, who then and there took upon themselves the administration of said estate.

"That thereafter, and on the 14th day of November, 1936, said Mary E. Spicer filed her renunciation of the will of her husband, Charles B. Spicer, deceased, and her declaration of election, in the Probate Court of St. Louis, Missouri and in the Office of the Recorder of Deeds of St. Louis, Missouri. Said Declaration of Election and certificate of the recording thereof is as follows:

" 'In the Probate Court of the City of St. Louis, State of Missouri.

" 'In the Matter of the Estate of Charles B. Spicer. Deceased, } No. 81663

## " 'DECLARATION OF ELECTION·

" 'Know All Men By These Presents, that I, Mary E. Spicer, of the City of St. Louis, State of Missouri, widow of Charles B. Spicer, deceased, of the City of S. Louis, State of Missouri, having no children by my husband, the said Charles B. Spicer, deceased, do hereby renounce the provisions made for me in the will of my said husband, and in lieu of being endowed of a one-third part of all the lands whereof my husband or any other person to his use was seized of an estate of inheritance at any time during the marriage, to which I shall not have relinquished my right of dower in the manner prescribed by law, to hold and enjoy during my natural life as more particularly set forth in Section 318, Revised Statutes of Missouri, 1929, do hereby elect, by these presents and by this act, and do hereby exercise my statutory right of election, and do hereby elect to take such share of my deceased husband's estate as provided by law, more particularly Section 325, Revised Statutes of Missouri, 1929, that is to say: First, all the real and personal estate which came to my said husband in right of the marriage and all the personal property of my husband which came to his possession with my written assent, remaining undisposed of absolutely, not subject to the payment of my husband's debts; second, one-half of the real and personal estate belonging to my said husband at the time of his death, absolutely, subject to the payment of my husband's debts, and this declaration is made in exercise of my right of election as widow of the said Charles B. Spicer, deceased, who died without any child or other descendants in being capable of inheriting, and which interest, as elected, shall be subject to the payment of the debts of said Charles B. Spicer, deceased.

" 'In Witness Whereof, I have hereunto set my hand and seal this 14th day of November, 1936.

" ' (Signed)   MARY E. SPICER.

" 'Witnesses

AURELIA LOHMANN
E. J. HOULIHAN

" 'State of Missouri ⎫ ss.
" 'City of St. Louis ⎭

" 'On this 14th day of November, 1936, before me personally appeared Mary E. Spicer, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed and that the said Mary E. Spicer further declares herself to be single and unmarried.

" 'In Testimony Whereof, I have hereunto set my hand and affixed my official seal in the City and State aforesaid, the day and year first above written.

" '(Signed)· HOWARD L. DONHAM
Notary Public.·

" 'My term expires: May 8, 1938.

" 'State of Missouri ⎫ ss.
" 'City of St. Louis ⎭

" 'I, the undersigned, Recorder of Deeds for said City and State, do hereby certify that the foregoing instrument of writing was filed for record in my office on the 14th day of November, A. D. 1936 at 10:51' 10" o'clock A. M. and is truly recorded in Will Book 9, Page 176.

" 'Witness my hand and official seal on the day and year aforesaid.

" '(Signed)   JOHN P. ENGLISH
Recorder.'

"8. That during the period of administration of the estate of said Charles B. Spicer, deceased, orders of partial distribution were made by the Probate Court of St. Louis, Missouri, in said estate, and on October 11, 1939, a final settlement was filed by the executrix, Mary E. Spicer, and the executor, Mississippi Valley Trust Company, which was duly approved by said Probate Court on October 18, 1939, and a final order of distribution made on said date.

"9. That by said orders of distribution, said Mary E. Spicer received one-half of the estate of Charles B. Spicer, Deceased, after payment of debts, and the defendant, Mississippi Valley Trust Company, as Trustee under said Will, received the other half of said estate.

"10. That the estate of said Charles B. Spicer, Deceased, at the time of his death consisted of personal property of the worth and value of approximately Three Hundred and Thirty-four Thousand Dollars ($334,000.00).

"11. That on April 2, 1940, the final receipts of said Mary E. Spicer and Mississippi Valley Trust Company, as Trustee, were filed in said Probate Court, and the executor, said Mississippi Valley Trust Company, duly discharged. ·

"12. That at the time of the final discharge of said defendant, Mississippi Valley Trust Company, as executor of the estate of said

Charles B. Spicer, Deceased, there were and are now no unpaid allowed demands against said estate.

"13. That upon the death of the said Charles B. Spicer, the defendant, New York Life Insurance Company, entered upon its duties as trustee under and in accordance with the terms of the said trust agreements based upon said policies of life insurance numbered 8617731 and 8617732; and said defendant caused to be issued to the said Mary E. Spicer its Certificate of Trust No. 31287 in the total amount of Ten Thousand One Hundred Fifty-seven Dollars and Thirty Cents ($10,157.30), being the total proceeds of the aforesaid policies, and thereupon commenced the monthly payments to the said Mary E. Spicer provided for in the aforesaid trust agreements, viz. the sum of Two Hundred Fifty-seven Dollars and Thirty Cents ($257.30), on November 14, 1935, and the sum of One Hundred Dollars ($100.00) per month thereafter until the death of the said Mary E. Spicer. A photostatic copy of said Certificate of Trust No. 31287 is hereto attached, made a part hereof, and marked Exhibit C.

"14. That on March 23, 1940, said Mary E. Spicer died in the City of St. Louis, Missouri, intestate, without any heirs in the State of Missouri, and defendant, T. R. Madden, then Public Administrator of the City of St. Louis, filed upon the estate of the said Mary E. Spicer, Deceased, in the Probate Court of the City of St. Louis, Missouri, and was, on March 25, 1940, by said court, appointed administrator of her estate, and as such, took charge of the same.

"15. That the unexpended balance of said trust fund in the possession of defendant, New York Life Insurance Company, on the date of the death of said Mary E. Spicer was the sum of Five Thousand and Seven Hundred Forty-nine Dollars and Twenty-one Cents ($5,749.21).

"16. That defendant, T. R. Madden, as administrator of the estate of said Mary E. Spicer, deceased, laid claim to the aforesaid unexpended balance of said trust fund and listed his claim in the inventory of the estate of said Mary E. Spicer, Deceased, as an asset of her estate.

"17. That on June 10, 1941, defendant, T. R. Madden, as administrator of the estate of said Mary E. Spicer, Deceased, filed his final settlement in said estate in the Probate Court of the City of St. Louis; and, on June 11, 1941, said settlement was duly approved by said court and an order of distribution made, directing the defendant, T. R. Madden, to distribute the balance shown in said final settlement to the defendant Edward J. McDonald, including said claim against the defendant, New York Life Insurance Company.

"18. That on August 27, 1941, the final receipt of the defendant, Edward J. McDonald, was filed in said Probate Court by the defendant, T. R. Madden, and said defendant, T. R. Madden, was, on said date, duly discharged as administrator of the Estate of Mary E. Spicer, Deceased, by said Probate Court.

"19. That upon the death of the said Mary E. Spicer, the defendant, Mississippi Valley Trust Company, as Trustee under the Will of the said Charles E. Spicer, Deceased, distributed the proceeds remaining in its possession from the estate of said Charles B. Spicer, Deceased, to the plaintiffs, Howard L. Spicer, Delphine M. Spicer, Florence Denny, Laura S. Brown, Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmet Meyer, Francis X Meyer, and Mrs. James A. Kyle.

"20. That the plaintiff, Howard L. Spicer, is a brother, and the plaintiffs, Delphine M. Spicer, Florence Denny and Laura S. Brown are the sisters of the said Charles B. Spicer, Deceased, and the plaintiffs, Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmet Meyer, and Francis X. Meyer are the sons, and the plaintiff, Mrs. James A. Kyle, is a daughter of Cora Spicer Meyer, a deceased sister of the said Charles B. Spicer; that plaintiffs are the sole and only heirs at law of the said Charles B. Spicer, Deceased.

"21. That the defendant, Edward J. McDonald is a brother of the said Mary E. Spicer, Deceased, and is her sole and only heir at law; that there were no children born of the marriage of said Charles B. Spicer and Mary E. Spicer, nor did the parents of said Charles B. Spicer, survive him.

"22. That the statute law of the State of New York, is as set forth in paragraph numbered 2 of Plaintiff's Answer to the Cross-Bill of Defendant, Edward J. McDonald.

"23. That the photostatic copies of documents hereto attached shall be deemed and taken to be, and shall be used as, true copies, without further proving the same; and that such copies shall and may be read in evidence as primary and the best evidence, and not as secondary evidence; and that the original documents shall not be required to be produced, or any evidence as to the same, or of the proper custody thereof; and no objection shall be taken to the reading as evidence and photostatic copies of said documents, saving all just exceptions as to the admissibility of the originals as evidence.

"Dated this 13th day of December, 1941.

"HENRY WARTEN,
"Attorney for Plaintiffs.
"EDWARD J. HOULIHAN,
"Attorney for Defendant,
"EDWARD J. McDONALD."

The trust agreement entered into between Charles B. Spicer and the New York Life Insurance Company with reference to one of these policies, as shown by the evidence, is as follows:

"TRUST AGREEMENT

"I hereby appoint the New York Life Insurance Company, Trustee of the proceeds of Policy No. 8617732 issued by said Company on my life, as follows, to-wit:

"Said Company shall receive as Trustee from itself as insurer the proceeds of said policy in case it shall become a claim by my death, and thereupon it shall be discharged from further liability on account of said policy, and it may mingle the sum so received with its general corporate funds as a part thereof.

"Said Company, as Trustee, shall pay said proceeds and the interest thereon as hereinafter provided, to Mary E. Spicer, (Beneficiary), my wife, if living, in monthly installments of Fifty Dollars each. The first monthly payment shall be made immediately upon receipt at its Home Office of due proof of my death, and subsequent payments of like amount shall be made one each month thereafter until the total of such payments, with a final payment to cover any fractional amount remaining unpaid, shall equal said proceeds, together with any interest credited thereon as hereinafter provided.

"Said Company, as Trustee, one year after receipt of due proof of my death, and annually thereafter, shall credit the balance of said proceeds remaining in its possession before the payment of the installment then due, with one year's interest at such rate as said Company may declare for that year on funds held in trust under contracts of this kind but shall guarantee that the rate of interest shall in no year be less than three per cent.

"In the event of the death of said Beneficiary, said Company, as Trustee, shall pay any balance of said proceeds remaining in its possession, to my Executors, Administrators or assigns in one sum, and thereupon any Trust entered into by said Company in respect of said policy under this appointment and all obligations of the Company hereunder shall terminate.

"If the total proceeds of said policy shall exceed Five Thousand Dollars, any such excess shall be paid in addition to and together with the first monthly payment under said Trust.

"The benefits under said Trust shall not be transferable nor subject to commutation or incumbrance, nor except in an action to recover for necessaries shall said Company as Trustee, or otherwise, pay or be liable to pay any benefits under said Trust to any person, firm or corporation except to said Beneficiary personally.

"This appointment is made and delivered at the Home Office of said Company in the City of New York where said Trust is to be performed. All payments thereunder are to be made at said Home Office. Said Trust is to be subject to and governed by the laws of the State of New York and not subject to or governed by the laws of any other place, and especially is to be governed by Chapter 327 of the Laws of New York, 1911, which amends Section 15 of the Personal Property Laws of the State of New York, relating to trust funds, by providing that when the proceeds of a life insurance policy becoming a claim by the death of the insured, are left with the insurance company under a trust, the benefits accruing thereunder after the death of the insured, shall not be transferable, nor subject to com-

mutation or incumbrance, nor to legal process except in an action to recover for necessaries.

"If said Company accepts this Trust, this appointment and the Trust shall become null and void, (a) if I shall revoke said appointment by written notice to said Company at its Home Office; (b) if I shall survive said Beneficiary; (c) if any change is made in the beneficiary or manner of payment of the proceeds of said policy; (d) if said policy shall be surrendered for Cash Surrender Value; (e) if at my death the net sum payable under said policy shall be less than Two Thousand Dollars; (f) if I shall assign said policy and said assignment or written notice thereof be filed with the Company at its Home Office.

"Geo. M. Ravold,                                    Charles B. Spicer,
      "Witness                                              Insured.
            "Accepted this seventeenth day of April, 1924.
                  "New York Life Insurance Company,
"Sigmund M. Ballard,                          Darvin P. Kingslee
      "Secretary                                        President
"J. D. Augoling,
      "Registrar."

The trust agreement as to the other policy is the same as the above, except as to dates and the number of the policy.

On November 14, 1935, the New York Life Insurance Company issued its certificate of trust, as follows:

## "CERTIFICATE OF TRUST NO. 31 287

"THE NEW YORK LIFE INSURANCE COMPANY having been appointed Trustee of the total proceeds of Policies Nos. 8 617 731 and 8 617 732 by Charles B. Spicer, the Insured, and said Policies having become claims by the death of said Insured and having been surrendered to said Company in exchange for this Certificate,

"SAID COMPANY, in accordance with the terms of the Trusts, has received as Trustee from itself as Insurer Ten Thousand One Hundred Fifty-seven Dollars and Thirty Cents ($10,157.30)—the total proceeds of said Policies—and has mingled the sum so received with its general corporate funds as a part thereof.

"SAID COMPANY, as Trustee, shall pay the fund so received and the interest credited thereon as hereinafter provided at its Home Office in the City of New York to Mary E. Spicer (Beneficiary), wife of said deceased Insured, in instalments, as follows:

"SAID COMPANY having received due proof of the death of said Insured on the Fourteenth day of November in the year Nineteen Hundred and Thirty-five, shall on said date, pay a first instalment of Two Hundred Fifty-seven Dollars and Thirty Cents ($257.30) and shall monthly thereafter pay to said Beneficiary, if living,

monthly instalments of One hundred Dollars ($100.00) each until the fund and the interest credited thereon as hereinafter provided shall be exhausted.

"SAID COMPANY, as Trustee, on the Fourteenth day of November in the year Nineteen Hundred and Thirty-six and annually thereafter during the continuance of this Certificate, shall credit the average amount of the fund remaining on its possession during the preceding year with interest at such rate as said Company may declare each year on funds held in trust under Certificates of this kind, but it is guaranteed that the rate of interest shall in no year be less than three per cent.

"IF THE DEATH of said Beneficiary shall occur while any balance of said fund remains in the possessian of said Company, as Trustee, said Company shall pay said balance together with interest on the average amount of said fund remaining in its possession from the preceding Fourteenth day of November to the date of such payment in one sum to the Executors, Administrators or Assigns of said deceased Insured, and thereupon this Certificate and all obligations of the Company hereunder shall terminate.

"THE BENEFITS under this Certificate of Trust are not transferable nor are they subject to commutation or incumbrance, nor except in an action to recover for necessaries shall said Company, as Trustee, or otherwise, pay or be liable to pay any benefits under this Certificate of Trust to any person, firm or corporation, except to said Beneficiary personally.

"IN WITNESS WHEREOF THE NEW YORK LIFE INSURANCE COMPANY has caused this Certificate of Trust to be signed and delivered as of the Fourteenth day of November in the year Nineteen Hundred and Thirty-five.

"FREDERICK M. JOHNSON        THOMAS A. BUCKNER
   "Secretary                  President
       "ARTHUR T. KRAMER
       "Sup. Dept. of Trust Agreements."

The court took the matter under advisement and rendered the following judgment:

"Now on this 21st day of February, 1942, being a regular judicial day of the February, 1942, Term of this Court, this cause coming on to be heard and submitted for final declaratory judgment upon the petition for declaratory judgment as amended by interlineation, the separate answers of New York Life Insurance Company, Mississippi Valley Trust Company, and T. R. Madden to said petition for declaratory judgment, the petition of Edward J. McDonald separately intervening in said cause, and the order of said Court allowing said intervention, and answer of said intervenor-defendant to said petition for declaratory judgment; and the Court, having heard the evidence and being fully advised in the premises finds the facts herein to be:

"That Charles B. Spicer of St. Louis, Missouri, was during his lifetime the insured under the New York Life Insurance Company policies No. 8617731 and 8617732 and that on April 17, 1924, and on May 13, 1924, said Spicer entered into two trust agreements by the terms of which the proceeds of said policies in installments of Fifty Dollars ($50.00) a month each or a total of One Hundred Dollars ($100.00) per month were to be paid to Mary E. Spicer, the wife of Charles B. Spicer, beginning upon receipt of due proof of said Spicer's death and providing that in the event of the death of said Mary E. Spicer, the beneficiary, to pay any balance of the proceeds of said policies remaining in the possession of said New York Life Insurance Company to the executors, administrators or assigns of said Charles B. Spicer in one sum.

"That defendant, New York Life Insurance Company, received due proof of the death of the said Charles B. Spicer on November 14, 1935, and thereupon and on the same day pursuant to said trust agreements issued its Certificate of Trust No. 31287 to the aforesaid Mary E. Spicer in the total amount of Ten Thousand One Hundred Fifty-seven Dollars and Thirty Cents ($10,157.30), being the total proceeds of the aforesaid policies, and thereupon commenced the monthly payments provided for in the aforesaid trust agreements, viz. the sum of Two Hundred and Fifty-seven Dollars and Thirty Cents, ($257.30) on November 14, 1935, and the sum of One Hundred Dollars, ($100.00) per month thereafter until and including the month of March, whereupon said payments ceased by reason of the death of said Mary E. Spicer on March 23, 1940; that said payments made as aforesaid under said trust agreements and certificate of trust were accepted by the said Mary E. Spicer with full knowledge of the terms of said certificate of trust and trust agreements; that the unexpended balance of said fund on the date of the death of said Mary E. Spicer was the sum of Five Thousand Seven Hundred Forty-nine Dollars and Twenty-one Cents ($5,749.21), interest from time to time been duly credited upon said fund by said company.

"That plaintiffs, Howard L. Spicer, Delphine M. Spicer, Florence Denny, Laura S. Brown, Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmett Meyer, Francis X. Meyer, and Mrs. James A. Kyle (Matilda Meyer Kyle) claim that they are the residuary devisees under the last will of Charles B. Spicer, and that by reason of said will they are the assignees of said Charles B. Spicer and are entitled to the unexpended balance of the said trust fund; that defendant Edward J. McDonald, who has heretofore been granted leave to intervene herein, claims to be entitled to said fund as the distributee of T. R. Madden, Public Administrator of the City of St. Louis and Administrator of the Estate of Mary E. Spicer, deceased, and that said T. R. Madden claims as such administrator that the Estate of said Mary E. Spicer, succeeded and became entitled to the unexpended balance of said trust fund remaining after the death of said Mary

E. Spicer or to an interest therein; and that the defendant, Mississippi Valley Trust Company was the duly appointed executor of the Estate of Charles B. Spicer but as such does not claim to be entitled to receive the said balance of said trust fund;

"The Court further finds that pursuant to the terms of an interpleader decree entered in this cause on the 13th day of December, 1941, the same being a regular judicial day of the November, 1941, Term of Court, the defendant New York Life Insurance Company was permitted to and did pay into this Court the said unexpended balance of said trust fund which, with interest added, amounted to the sum of Six Thousand Ninety-five Dollars and Six Cents, ($6,095.06); and the aforesaid claimants were ordered and required to interplead with each other to determine which of said claimants is or are entitled to receive said fund; whereupon said New York Life Insurance Company was by this Court, relieved and fully discharged of and from any and all liability to the parties hereto or any of them under and by virtue of New York Life Insurance Company policies Nos. 8617732 and 8617731 or either of them, and under and by virtue of the trust agreements hereinabove described, and under and by virtue of the aforesaid Certificate of Trust No. 31287; and said defendant New York Life Insurance Company was further granted and allowed out of the fund paid into Court as aforesaid a reasonable attorneys' fee in the sum of Four Hundred and Twenty-five Dollars ($425.00).

"The specific question to be determined is:

"What is the proper construction of the words and phrases employed in the two trust agreements hereinabove described, which said trust agreements are identical in form and content, and particularly the following clause appearing in each:

" 'In the event of the death of said beneficiary (Mary E. Spicer), said company, as trustee, shall pay any balance of said proceeds remaining in its possession, to my executors, administrators, or assigns in one sum and thereupon any trust entered into by said company in respect of said policy under this appointment, and all obligations of the Company hereunder shall terminate.'

"It is the contention of the defendants, Edward J. McDonald and T. R. Madden, that the clause above quoted, particularly the phrase therein, 'In the event of the death of said beneficiary,' is a predeceasing clause; that is to say, said defendants contend that, under the terms of the trust agreements, only in the event that the beneficiary predeceased Charles B. Spicer would his executors, administrators, or assigns be entitled to the trust fund, and, accordingly, upon the death of Charles B. Spicer, the surviving beneficiary, Mary E. Spicer, was entitled to the entire trust fund, subject only to payment at the rate of One Hundred Dollars ($100.00) per month, and that upon her death, the defendant Edward J. McDonald, became entitled to the residue as her sole heir and distributee of her entire estate.

"It is the contention of the plaintiffs that the clause above quoted manifests the intent of said Spicer that any balance of the trust fund remaining in the possession of the New York Life Insurance Company upon the death of Mary E. Spicer should go to his executors, administrators, or assigns; that the words 'in the event of the death of' a named beneficiary or conveyee manifests the intent of the conveyor or trustor to create a life estate; that the construction of the words in the event of the death of said beneficiary' urged by said defendants is not applicable in this case for the reason that such construction is made when and only when the conveyance is a testamentary instrument, and further, when such words are supplemented by additional facts clearly manifesting the intent of the conveyor or trustor to make the second limitation for the purpose of avoiding an intestacy in the event of the first named conveyee or beneficiary predeceasing the conveyor. Said plaintiffs further say that the trust agreements herein are not testamentary instruments, and that the words above quoted are not supplemented by additional facts clearly manifesting the intent of the conveyor to make the limitation to his executors, administrators, or assigns for the purpose of avoiding an intestacy, but on the contrary, that the trust agreements provide that the trust shall terminate if the beneficiary therein predeceases Charles B. Spicer, the trustor.

"The alternate contention made by the defendants, Edward J. McDonald and T. R. Madden is that if the balance of the said trust fund is payable to the executors, administrators, or assigns of Charles B. Spicer, then under the laws of Missouri and the orders of distribution in the estate of Charles B. Spicer, one-half of the balance of the said trust fund would be payable to the Estate of Mary E. Spicer, and, accordingly, the defendant, Edward J. McDonald, as her sole heir and distributee, would be entitled to that half.

"The contention of the plaintiffs in this regard is that construing the said trust agreements and the terms of the last will of the said Charles B. Spicer together, that plaintiffs, being the residuary devisees under said last will, are, by reason of said will, the assignees of said Charles B. Spicer and entitled to the entire unexpended balance of said trust fund.

"It is the judgment of the Court that the contentions of the defendants Edward J. McDonald and T. B. Madden are erroneous and that the contentions of the plaintiffs are correct. It is further the opinion of the Court that, Mary E. Spicer, having accepted the beneficial interest provided for her under said trust agreements and certificate of trust thereby adopted the instruments and renounced every right or claim inconsistent with them, which estoppel on the part of the said Mary E. Spicer extends to her heirs, distributees or personal representatives.

"It Is Now Therefore Ordered, Adjudged, Decreed and Declared by the Court as follows:

742

"That plaintiffs Howard L. Spicer, Delphine M. Spicer, Florence Denny, Laura S. Brown, Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmett Meyer, Francis X. Meyer, and Mrs. James A. Kyle (Matilda Meyer Kyle) are the residuary devisees under the last will of Charles B. Spicer and that by reason of said will they are the assignees of said Charles B. Spicer and are entitled to the unexpended balance of the said trust fund heretofore paid into this Court by the New York Life Insurance Company; and that the defendants, Edward J. McDonald and T. R. Madden or either of them are not entitled to any part of the balance of said trust fund.

"It is Further Hereby Ordered, Adjudged and Decreed that the said trust fund heretofore paid into this Court shall, after deduction of the costs of this proceeding therefrom, be paid out and distributed to the plaintiffs in the following proportions: Plaintiffs Howard L. Spicer, Delphine M. Spicer, Florence Denny, and Laura S. Brown, as the brother and sisters respectively of the deceased, Charles B. Spicer are each entitled to one-fifth of the fund, and one-fifth thereof is hereby distributed to each of them. Plaintiffs Eugene Meyer, Ferdinand Wesley Meyer, Robert Emmett Meyer, Francis X. Meyer and Mrs. James A. Kyle (Matilda Meyer Kyle) as the sons and daughter respectively of Cora Spicer Meyer, deceased sister of the said Charles B. Spicer, are each entitled to one-twenty-fifth of the fund, and one-twenty-fifth thereof is hereby distributed to each of them.

"It Is Further Considered, Ordered, Adjudged and Decreed by the Court that the plaintiffs have and recover of the defendant, Edward J. McDonald, the sum of Four Hundred and Twenty-five Dollars ($425.00), being the amount of the attorneys' fee allowed defendant, New York Life Insurance Company, and paid out of said fund in interpleader proceedings herein, together with all costs of this action, for which let execution issue.

"WILBUR J. OWEN,

"Judge of Division No. 2 of the Circuit Court of Jasper County, Missouri."

Motion for new trial was filed by Edward J. McDonald, which was overruled, and he appealed to this court.

The case is presented to us under several assignments of error, but they may be considered largely together.

We cannot escape the conclusion that the trial court was right in reaching the decision it did. We shall give our reasons as we proceed —with this our opinion. There is no controversy over any of the deceased's estate except that part coming from the two insurance policies, which went into the trust fund, and we should if possible be guided somewhat by the intention of the deceased. In determining his intentions, we go to the evidence, and a part of the evidence is his will. A reference to the will, which we have quoted in full, shows this specific language: "The trust herein and hereby created shall cease and terminate upon the death of my wife, Mary E. Spicer, at which

time the trustee shall make full distribution of the corpus thereof to my brothers and sisters then living, . . . it being my will that the *corpus* of the trust estate, upon the death of my wife, shall be delivered and paid over to my brothers and sisters or to their descendants *per stirpes* and not *per capita.*"

That language is so plain and emphatic that there can be no question about the intent of the testator unless it be altered by the words of the trust agreement, which we have also quoted in full herein. In that trust agreement, we find provisions that the proceeds of the two insurance policies should be paid to his wife in monthly payments of One Hundred Dollars, and in the event of his wife's death before receiving all of it the Trustee "shall pay any balance of said proceeds remaining in its possession, to my Executors, Administrators or assigns in one sum." It is this provision in the trust agreement which causes the trouble. What does he mean under the facts in this case by the words, "*Executors, Administrators and Assigns*"? What did he mean by providing in that agreement that "Said trust is to be subject to and governed by the laws of the State of New York and not subject to or governed by the laws of any other place"?

In considering these questions, it must be remembered that Mary E. Spicer renounced his will and elected to be endowed with one-half of his estate.

What relation did this trust fund have to his estate, and what effect did her election have upon this fund?

We think he had a perfect right to provide that the trust was to be governed by the laws of the State of New York. [Fidelity Loan Security Co. v. Moore, 280 Mo. 315, 322, 217 S. W. 286; Hansen v. Duvall, 333 Mo. 59, 75, 62 S. W. (2d) 732; Yeats v. Dodson, 345 Mo. 196, 205, 127 S. W. (2d) 652; Brotherhood of Railroad Trainmen v. Adams, 222 Mo. App. 689, 5 S. W. (2d) 96.] Since such a provision was made, the trust fund was governed by the Laws of the State of New York. It has been held that a trust fund such as in this case is not affected by the widow's election. [President and Directors of Manhattan Co. v. Janowitz et al., 14 N. Y. S. (2d) 375, 382.]

It is the appellant's contention that the words "Executors, Administrators or Assigns" as used in the trust agreement means the estate of Charles B. Spicer, and that it was the intention of Spicer that the balance of the trust fund left unpaid to his widow should be paid to his estate. Under some circumstances that might be true, but not so under the facts here. He had separated this trust fund from his estate by placing it in trust. He expressed his intention as to how and to whom this should be paid by the specific words of his will, and it is our conclusion that the general term used in the trust agreement cannot and will not overthrow the intention of the testator as expressed in the will. We think we are sustained in this conclusion by the holdings of our courts. [Krause v. Jeannette Inv. Co.

et al., 333 Mo. 509, 62 S. W. (2d) 890; Long v. St. Louis Union Trust Co. (Mo. Sup.), 57 S. W. (2d) 1071, 1073.]

It is, therefore, our conclusion that the declaration of the widow did not in any way affect the property placed in trust by Charles B. Spicer in his lifetime.

This disposes of the first three assignments of appellant. The fourth complains of error in holding that the appellant McDonald should pay the $425 attorney fees paid in the interpleader suit. We hold this was not error for the controversy was caused by his demand upon the New York Life Insurance Company that the balance of the trust fund be paid to him. This point was rightly decided against him and the costs and attorney fees were properly taxed against him. [State v. Goldstein, 237 S. W. 814, 816; Clay County Court v. Baker (Mo. App.), 241 S. W. 447, 450.]

Under the fifth assignment, complaint is made that the trial court erred in holding that Mary E. Spicer's act in accepting the payments from the trust fund worked an estoppel against her and those claiming under her. Regardless of the question of estoppel, whether it was in this case or not, the judgment will have to be affirmed, and since that is our conclusion, we deem it not necessary to pass on the question of estoppel.

The sixth and last assignment is that the petition does not state a cause of action sufficient for a declaratory judgment because the certificate of trust was issued after the death of Charles B. Spicer. We think there is no merit to this conclusion because under the provisions of Section 1129, Revised Statutes 1939, any person interested may bring a suit to determine any question arising in the administration of an estate of trust including the construction of wills or other writings. In this litigation, it is dependent upon the construction of the trust agreement rather than the certificate of trust.

The judgment is affirmed. *Blair, P. J.,* and *Fulbright, J.,* concur.