The STATE of Oklahoma ex rel. Joe B. HUNT, Insurance Commissioner,

v.

COMMUNITY NATIONAL LIFE INSURANCE CO., an Oklahoma Life Insurance Corporation, Appellee,

v.

Donna Katherine LATIMER, Appellant.

No. 48790.

Supreme Court of Oklahoma.

Jan. 25, 1977.

Rehearing Denied Feb. 8, 1977.

James R. Jessup, Boone, Ellison & Smith, Tulsa, for appellee.

W. Keith Rapp, Howard & Rapp, Tulsa, for appellant.

DOOLIN, Justice.

The question presented by this appeal concerns the status of a claim under a matured life insurance policy which was being honored as such, prior to and at the time of the institution of receivership proceedings against the insurance company.

Latimer (Insured) had a paid up policy of insurance with National Trust Life Insurance Company of America (National) that provided for payments of $300.00 per month to his wife as beneficiary (Claimant) from the time of Insured's death until May 20, 1986. Insured died August 4, 1967. National and its successor company, Community National Life Insurance Co. (Community) honored the policy until July 1970, when receivership proceedings were initiated against Community.

Claimant submitted her claim to receiver attempting to recover the total amount due under the provisions of her policy, alleging she is a beneficiary of a trust comprising the proceeds of the policy and as such a preferred creditor entitled to a priority as to the assets in the hands of the receiver. The trial court held Claimant was not the beneficiary of a trust and thus not a preferred creditor entitled to a priority as to any reserves held by receiver, but rather a general unsecured creditor entitled to share pro rata as to her allowed claim of $57,-300.00. Claimant appeals.

Claimant submits an unfunded insurance trust was created at time of the death of Insured, because the amount due her under the policy instead of being paid in a lump sum was held by the company and paid to her monthly as provided in the policy. Claimant was not permitted an option to receive the proceeds in a lump sum payment. She asserts that at death of Insured, an internal transfer took place wherein reserve funds were set aside pursuant to 36 O.S.1971 § 1510 to provide the corpus for the trust.

The Insurance Commissioner as receiver for Community, while not disputing the legitimacy of the claim, stresses that the funds to which Claimant asserts a priority interest are general assets [1] of the receiver-

---

1. General assets are defined in 36 O.S.1971 § 1801(9): "General assets" means all property, real, personal or otherwise, not specifically mortgaged, pledged, deposited or otherwise encumbered for the security or benefit of specified persons or a limited class or classes of

ship and not subject to her preferred claim. We agree with receiver; nowhere in our statutory scheme does there appear a provision for priority of a claim such as that of Claimant. Therefore if such a preference is to be given, her theory of the creation of a trust must be upheld.

The insurance policy provides only that "Monthly Income Benefit" is to be $300.00 and "Date of Expiry" is stated as May 20, 1986. Nowhere does the policy provide for a trust to be created at the death of Insured, and it does not set aside funds to constitute the corpus of a trust.

Cases from other jurisdictions cited by Claimant as authority for the impression of a trust on the reserve funds of Community are not in point. Although life insurance is property that may constitute the subject matter of a trust,[2] it must be so designated. Merely because National, and its successor Community, paid Claimant according to the contractual terms of the policy, does not estop the receiver from denying the existence of a trust relationship, where none was expressed in the policy. Equity follows the law and will not rewrite a contract where rights are clearly defined.[3]

Claimant attempts to distinguish *Boyd v. Wright,* 148 Ga. 216, 96 S.E. 388, 1 A.L.R. 593 (1918) relied on by receiver and trial court as supporting the proposition that in the distribution of assets of an insolvent insurance company all classes of policyholders, including those holding either matured or unmatured claims, are to be treated alike. Claimant asserts this rule should not apply where the insurance policy provides for monthly payments instead of a lump sum payment. She claims this removes her from the class of policyholder.

We fail to see any reason why Claimant should be treated any differently than a beneficiary whose benefit is paid in a lump sum, absent a contractual provision to the contrary. We therefore hold trial court was correct in classifying Claimant as a general unsecured creditor entitled to share pro rata in the assets of the company.

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.

HODGES, C. J., dissents.

persons, and as to such specifically encumbered property the term includes all such property or its proceeds in excess of the amount necessary to discharge the sum or sums secured thereby. Assets held in trust and assets held on deposit for the security or benefit of all policyholders or all policyholders or creditors in the United States shall be deemed general assets.

2. *Johnson v. New York Life Ins. Co.,* 75 F.2d 425 (5th Cir. 1935); *New York Life Ins. Co. v. Conrad,* 269 Ky. 359, 107 S.W.2d 248 (1937);

*First Trust Co. of St. Paul v. Northwestern Mutual Life Ins. Co.,* 204 Minn. 244, 283 N.W. 236 (Minn.1939); *Spicer v. New York Life Ins. Co.,* 237 Mo.App. 725, 167 S.W.2d 457 (1942); *Childers v. Breese,* 202 Okl. 377, 213 P.2d 565 (1949).

3. *Mid-Continent Casualty Co. v. First National Bank & Trust Co.,* 531 P.2d 1370 (Okl.1975); *Stebbins v. Lena Lumber Co.,* 89 Okl. 244, 214 P. 918 (1923).