The STATE of Oklahoma, ex rel., Gerald GRIMES, Insurance Commissioner, Appellee,

v.

OKLAHOMA PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION, Appellant,

and

Town and Country Insurance Corporation, an Oklahoma Stock Insurance Corporation, Defendant.

No. 70747.

Court of Appeals of Oklahoma, Division No. 1.

July 10, 1990.

As Corrected Aug. 1, 1990.

Kim Daniel Parrish, Derryberry, Quigley, Parrish & Gooding, Oklahoma City, for appellant.

Jeff L. Hartmann, Shdeed & Hartmann, Oklahoma City, for appellee.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

Appellant Oklahoma Property and Casualty Insurance Guaranty Association (Association) appeals from an order of the trial court accepting the final report of Receiver, Insurance Commissioner of the State of Oklahoma and distributing the remaining assets of insolvent Town and Country Insurance Corporation.

Town and Country was declared insolvent on September 13, 1983, pursuant to an application filed by Receiver. Liquidation proceedings continued for over four years with several claims being paid by both Receiver and Association. In January of 1988, Receiver filed his Final Report and Application for Dissolution and Distribution of Assets. Association filed a timely

objection to the proposed distribution of $250,000 in funds. After hearing, the trial court found policyholders had priority over Association and approved the report and ordered funds distributed as follows:

1. Policyholder Creditors    $122,823.08
2. Guaranty Association    127,176.92
3. General Creditors        –0–
                      $250,000.00

Association argues on appeal that it has priority over claims of general creditors. We agree. 36 O.S.1980 Supp. § 2010(B) clearly states that "The Association shall have a priority over general creditors of the insolvent insurer ...". No party took issue with the order ranking Association above general creditors, either on appeal or in the trial court. It is the effect of this finding at issue.

Association contends policyholders, beneficiaries and insureds (policyholders) are general creditors of Town and Country, and that it has priority over policyholders in distribution. Association claims all of the remaining $250,000. While we agree policyholders are "general creditors" in that their claims are "unsecured", this status does not dictate lower priority. At the time Town and Country was declared insolvent the Legislature had adopted a comprehensive scheme for distribution of assets after liquidation.

■ 36 O.S.1981 § 1927 provided for priorities in the distribution of assets of insolvent insurers:

The priority of claims for the distribution of assets shall be as follows:

1. Expenses of administration;

2. Compensation actually owing to employees other than officers of an insurer, for services rendered within three (3) months prior the conmencement of a proceeding against the insurer under this article, but not exceeding Five Hundred Dollars ($500.00) for each such employee ...

3. *Claims against the insurance company by policyholders, beneficiaries or insureds* arising from and within the coverage of the applicable limits of insurance policies or insurance contracts and liability claims against the insurance company which claims are within the coverage of the applicable limits of insurance policies or insurance contracts; and

4. *All other claims*. (Emphasis added)

Clearly, the Legislature intended policyholders, general creditors or not, to have priority over all other claims except administration expenses and certain employees.

Association relies primarily on *Hunt v. Community National Life Insurance Company*, 560 P.2d 560 (Okla.1977) which held a beneficiary of an insurance policy was a "general unsecured creditor entitled to share in the assets of the company." At the time of this 1977 decision § 1927 read as follows:

§ 1927. Priority of claims for compensation.

A. Compensation actually owing to employees other than officers of an insurer, for services rendered within three (3) months prior to the commencement of a proceeding against the insurer under this article, but not exceeding Five Hundred Dollars ($500.00) for each such employee, shall be paid prior to the payment of any other debt or claim, and in the discretion of the Insurance Commissioner may be paid as soon as practicable after the proceeding has been commenced; except that at all times the Insurance Commissioner shall reserve such funds as will in his opinion be sufficient for the expenses of administration.

B. Such priority shall be in lieu of any other similar priority which may be authorized by law as to wages or compensation of such employees.

The legislature amended § 1927 in 1978 to read as cited in 36 O.S.1981 § 1927. *Hunt* is no longer dispositive of this issue, and we must follow the legislation adopted after *Hunt*.

■ The 1978 version of § 1927 was in effect when the Legislature created the Association by adopting the Property and

Casualty Insurance Guaranty Association Act, 36 O.S.1980 Supp. §§ 2001 *et seq.* (hereafter the Act). The Act includes § 2010(B) which we earlier noted gives Association priority over general creditors. In § 2011 the Act allows the receiver to reimburse Association for claims paid by Association, as was done in this case. Section 2011(B)(4) requires the receiver to make those reimbursements only after Association's agreement to return to the receiver such funds as may be required to "pay claims of secured creditors and claims falling within priorities higher than that of the fund in accordance with such priorities." Clearly, then, the Legislature contemplated unsecured claims, i.e., general creditor claims, which had a higher priority than Association's right to reimbursement. Reading all of these statutes together, we can only conclude the Legislature did not intend Association claims to be superior to those of policyholders.

Association argues its claims are at least entitled to equal priority with policyholders since policyholders are deemed to have assigned their "rights under the policy" to Association to the extent Association has paid claims, 36 O.S.1981 § 2010(A). Receiver treats this argument as frivolous, making the unfounded assertion that "rights under the policy" does not mean all rights under the policy, but only such rights as salvage. Nothing in the statutory language suggests such a limitation, and Receiver has cited no authority for this interpretation or demonstrated how the statute lends itself to a limited interpretation.

The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute.

*Jackson v. Independent School District No. 16 of Payne County,* 648 P.2d 26 (Okla.1982). Receiver argues the Legislature would have given Association policyholder status in § 1927 had it so intended. This argument overlooks the fact Association did not exist in 1978 when the Legislature rewrote § 1927. Reading all of these statutes together, we conclude the Legislature intended "rights under the policy" to include policyholder priority status under § 1927.

All of Association's unpaid claims in this case represent payments to "persons recovering under this act" who are deemed to have assigned their "rights under the policy" to Association under § 2010(A). To the extent of those payments, Association is entitled to be treated as "policyholders, beneficiaries or insureds" under § 1927 as it existed in 1983 when Town & Country was declared insolvent. The trial court erred in failing to give Association's claims equal priority with policyholder claims. We reverse the order adopting Receiver's recommended distribution of assets, and remand with instructions for the trial court to enter an order distributing the remaining assets in a manner which gives Association, to the extent it has paid policyholders claims, equal priority with policyholders.

REVERSED and REMANDED with instructions.

BAILEY, and MacGUIGAN, JJ., concur.