SAVOY, Judge.
This suit involves the interpretation of a life insurance policy issued by defendant upon the life of plaintiff’s deceased husband. From a ruling of the trial court sustaining defendant’s exception of no cause of action plaintiff prosecutes this appeal contending the trial court erroneously interpreted the policy sued upon. Defendant answered contending that the judgment of the trial court was correct and should be affirmed.
The facts appearing in the record reveal that on June 9, 1959, defendant, Occidental Life, issued life insurance policy number 3877312, insuring the life of Frank E. Jameson in the amount of $130,000.00. The policy was issued to Jameson as the owner thereof, but effective February 5, 1962, plaintiff, Mrs. Jameson, became the owner of the policy. Mrs. Jameson was originally named beneficiary and was the beneficiary at the time of the death of Mr. Jameson also, namely November 24, 1964. Because of a “Special Settlement Agreement” attached to the policy plaintiff began receiving payments from defendant as beneficiary in the amount of $466.80 per month. On October 24, 1967, plaintiff, through her attorney, notified defendant she desired to be paid the face amount of the policy less credit for the amounts, previously paid to her. The insurer refused to pay relying on the “Special Settlement Agreement”, and suit was filed to recover the face amount of the policy. It was at this point that the defendant filed an exception of no cause of action because it was making the monthly payments as provided in the policy “Special Settlement Agreement” which exception was upheld by the trial court.
To clarify the arguments made by counsel for both parties, we should here list several of the more important provisions of the policy with which we are concerned. Under the General Provisions we find:
“Owner of Policy — Before the death of the Insured, the owner of this policy alone shall be entitled to all rights granted by this policy or allowed by the Company under this policy. If the owner is a partnership, all rights of the owner belong to the partnership as constituted at the time a right is exercised. If the owner is an individual and dies before the Insured, all rights of the owner belong to the executor or administrator of the owner unless otherwise provided in this policy.”
*522 Under the Settlement Provisions we find:
“Options — Upon satisfactory written request, the Company will pay any proceeds of this policy, payable upon surrender or at the death of the Insured, in accordance with one of the following options under the provisions of a settlement agreement. If no settlement agreement is effective at the death of the Insured, the beneficiary may select one of the following options for payment of the proceeds. * * *.”
Under the General Provisions of the Special Settlement Agreement we find:
“Modification or Revocation — Upon written request to the Home Office of the Company made prior to the date of death of the Insured, this Agreement may be revoked or a new Special Settlement Agreement may be substituted in lieu hereof subject to the terms of the Policy. Such substituted agreement shall take effect only when countersigned by the Company, but when so countersigned, whether the Insured be then living or not, it shall relate back to and take effect as of the date of execution of such written request, but without prejudice to the Company on account of any payment made prior to countersigning of such agreement.
“The Recipient may not change the mode of payment hereunder, nor assign nor commute payments hereunder, unless such right is given the Recipient by written notice filed with the Company and endorsement to that effect placed hereon; provided, however, such right shall not accrue until the Recipient shall have become entitled to receive benefit hereunder.”
Counsel for plaintiff strenuously contends that plaintiff, who is both the owner and beneficiary under the policy, has the right to change the settlement option or agreement, under which the policy proceeds are payable after the death of the insured. In support of this position he argues that the insured had transferred complete ownership of the policy to plaintiff, which ownership included not only the right to change the designated beneficiary but also the right to choose and change settlement options; and that the trial court erroneously pursued the matter as if there were three parties involved, namely, an insured, an owner, and a third party beneficiary rather than only one party who was both the owner and beneficiary. He further contends that when the insured assigned the ownership of the policy to plaintiff, he, as the then owner, complied with the requirements of the second paragraph under the General Provisions of the “Special Settlement Agreement” dealing with “Modification or Revocation”. Additional reliance to support his position is placed on the following cases: Pendas v. Equitable Life Assur. Soc., 129 Fla. 253, 176 So. 104, 112 A.L.R. 1051; Smith v. Northwestern Mutual Life Ins. Co. of City of Milwaukee, Sup., 115 N.Y.S.2d 899 (1949); and First Trust Company of St. Paul v. Northwestern Mut. Life Ins. Co., 204 Minn. 244, 283 N.W. 236.
On the other hand, counsel for defendant urges that the cases of Grossman v. Prudential Insurance Company of America, 45 Tenn.App. 700, 325 S.W.2d 811 (1959), and Dunbar v. Union Central Life Insurance Company, D.C., 283 F.Supp. 823 (1968), should control the case at hand since the question is res nova in Louisiana.
In the Grossman case, supra, Mrs. Grossman brought suit to recover in a lump sum the proceeds of a policy of insurance issued on the life of her deceased husband. The policy was issued in 1942, and a fourth and last endorsement dated December 16, 1954, provided that the proceeds were to be paid to Mrs. Grossman for life with twenty years certain, the installments remaining unpaid at her death to be paid in a lump sum to the insured’s children. Attached to the policy was another endorsement dated December 16, 1954, which in effect bestowed the ownership of the policy upon Mrs. Grossman. *523 After suit was filed the children of the insured signed a waiver of any interest they might have in the proceeds and assigned such interest to their mother, Mrs. Gross-man. The court held that the insurer did not have to pay the proceeds of the policy in a lump sum as requested by plaintiff contrary to the specific provisions of the policy, saying:
“Counsel for defendant states the proposition that, once a policy of life insurance has matured by the death of the insured, all policy rights, other than the rights involving the proceeds, are terminated. This is true whether the policy belongs to the insured or to another. The policy at that time becomes a debt payable to the beneficiaries in accordance with the policy provisions, and the rights of all beneficiaries become vested and fixed.

“It is pointed out that on the same day Mr. Grossman transferred the policy to his wife he also attached, or caused to be attached, the other rider providing for payments for the life of his wife with twenty years certain. Thus, it cannot be assumed that he intended that the proceeds be paid to her in a lump sum.
“At the time of insured’s death the contract provided for payment of the proceeds in monthly installments and, therefore, the company has the right to insist on paying according to those terms.”
In the Dunbar case, supra, plaintiff wife, Mrs. Dunbar, both the owner and beneficiary of several insurance policies, also attempted to have the proceeds paid to her in a lump sum settlement rather than in accordance with a pre-existing settlement option exercised by the parties whereby continuous installments were to be made for twenty years and for life thereafter, with Mrs. Dunbar as primary beneficiary and her daughters as contingent beneficiaries. The policy provided that if no election of settlement option had been made, the beneficiary could after the death of the insured elect to receive the sums under an option provision when the sums were payable in a lump sum, if there had been no prior election (settlement) made. The policy further provided that “With the consent of the Company the undersigned further reserves the right at any time after maturity to change the beneficiary or to change or revoke the method of settlement.” After the death of the insured, plaintiff wrote the insurer demanding a lump sum payment, but the insurer would not so consent. The court, in upholding the defendant insurer’s motion for summary judgment stated:
“Plaintiff contends, however, that she has the right under the ownership provisions of the policies to make another election as owner of the policies. The provisions making plaintiff owner of the policies were drafted and inserted in the policies by her husband, the insured, a skilled attorney and estate planner, for the obvious purpose of preventing the inclusion of said policies in his estate, so that there would be no estate tax liability to the plaintiff. The rights under the insurance policies, however, were fixed at the time of their maturity, the death of the insured, and her rights under the policies at that time were exercisable as beneficiary and not as owner. * * *.

“Defendant’s refusal to consent to plaintiff’s election, subsequent to maturity of the policies, to a lump sum settlement was a valid exercise of its right, under the policies and was not unreasonable.”
The three cases cited by plaintiff above, the Pendas case, Smith case, and First Trust Company case, supras, are readily distinguishable from our present case as all three involved policy provisions whereby the beneficiaries, after the death of the insured, were allowed to elect in lieu of a lump settlement, a different type of settlement option. This is the exact converse of the case before us.
*524 The portion of the policy dealing with the named insured’s designation of beneficiary reads as follows:
“DESIGNATION OF BENEFICIARY AND SETTLEMENT
“I hereby designate the Beneficiary under Policy No. 3877312, as follows: The First National Bank of Lafayette, Lafayette, Louisiana, its successors or assigns, Creditor of the Insured, as its interest may appear, remainder if any, in accordance with the terms of the Special Settlement Agreements to Mickey M. Jameson, Wife of the Insured, if living, otherwise to Steve R. Jameson and Craig Jameson, Sons of the Insured, and Cathy Jameson, Daughter of the Insured, share and share alike, if living, otherwise to the survivors, share and share alike, or to the survivor. The designation of any creditor beneficiary named herein is irrevocable.
“The proceeds shall be paid to my Wife as a monthly life income with 20 years under Option B of the options of settlement.
“In event of death of my Wife during the period certain the commuted value of any unpaid installments of the income certain or in event my Children become entitled to receive benefit at the date of my death, the proceeds shall be payable to my Children as follows:
“Each child’s share shall be held by the Company at interest, interest payable quarterly, with the right to withdraw '1/2 of his or her share upon attaining age 25 and withdrawing the remainder upon attaining age 30 years.”
The trial court held, and we think correctly 'so, that because the settlement agreement in effect at the time of the insured’s death provided for the payment of the proceeds in monthly installments, there could be no other option selected for the payment of the proceeds by the beneficiaries. We feel that any other construction of the policy would do injustice not only to the insured’s intention to set up a plan of lifetime security for his wife, but would also raise grave doubt as to the infringement of the rights of the children of the insured who were to receive the proceeds, if any remained, should the wife die before twenty years elapsed.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., recused.