Kay Aucoin LeBLANC

v.

**NEW YORK LIFE INSURANCE COMPANY.**

Civ. A. No. 80–366–B.

United States District Court,
M. D. Louisiana.

Oct. 27, 1980.

Sidney A. Marchand, III, Talbot, Sotile, Carmouche, Waguespack & Marchand, Donaldsonville, La., for plaintiff.

Ben R. Downing, Jr., Sanders, Downing, Kean & Cazedessus, Baton Rouge, La., for defendant.

POLOZOLA, District Judge:

Kay Aucoin LeBlanc has filed this suit against New York Life Insurance Company to recover benefits due under certain life insurance policies which were issued to Percy H. LeBlanc, plaintiff's husband. This suit was originally filed in the 23rd Judicial District Court for the Parish of Ascension. New York Life Insurance Company timely filed a petition for removal of this suit to this Court.

The plaintiff contends that the defendant is indebted to her in the sum of $136,182.08, plus penalties and attorney's fees. This sum represents the amount due on six policies of life insurance which were issued by the defendant on the life of Percy H. LeBlanc. The plaintiff in this case was the owner and beneficiary of the policies. On January 5, 1980, Percy H. LeBlanc died. Plaintiff then forwarded proof of claim notices to the defendant demanding payment on all sums due under the policies. On April 14, 1980, the defendant advised petitioner that she was not entitled to a full cash settlement of the funds due under the policies, but was entitled to recover the proceeds on an installment refund basis in the amount of $705.42 per month beginning January 5, 1980. The plaintiff has refused to accept the monthly installment refund basis as a settlement option and demands payment in full in a lump sum cash payment on these policies.

The defendant, on the other hand, contends that plaintiff, as the owner of the policies, elected to receive the benefits due under the policy on a monthly basis rather than on a full cash settlement basis. Defendant contends that the settlement agreement signed by the plaintiff on June 17, 1960 is binding on her.

This matter is now before the Court on motions filed by both the plaintiff and the defendant. The plaintiff has filed a motion for summary judgment. The defendant has filed a motion to dismiss and in the alternative a motion for summary judgment. Because the parties have attached exhibits to the motions, the Court will treat all motions as motions for summary judgment.

The parties have agreed and stipulated to the following facts:

"1.

Mr. Percy H. LeBlanc, deceased husband of plaintiff, Kay Aucoin LeBlanc, purchased seven life insurance policies during his lifetime, from defendant, New York Life Insurance Company, more particularly described as follows:

| Exhibit | Policy Number | Settlement Amount | Issue Date | Date Ownership Transferred to Kay A. LeBlanc | Face Amount |
|---|---|---|---|---|---|
| A | 20 070 928 | $28,615.30 | 11/15/44 | 10/9/56 | $15,000 |
| B | 20 070 929 | 37,216.67 | 11/15/44 | 10/9/56 | 20,000 |
| C | 20 070 931 | 6,614.33 | 11/15/44 | 10/9/56 | 3,600 |
| D | 21 936 180 | 31,961.72 | 1/14/51 | 10/9/56 | 25,000 |

| | | | | | |
|---|---|---|---|---|---|
| E | 21 936 181 | 19,180.73 | 1/14/51 | 10/9/56 | 15,000 |
| F | 21 936 182 | 12,593.33 | 1/14/51 | 10/9/56 | 10,000 |
| G | 25 190 846 | 44,037.69 | 5/28/57 | 9/24/57 | 35,000 |

2.

The plaintiff, Mrs. Kay Aucoin LeBlanc, was named beneficiary of each of the life insurance policies at the time each was issued.

3.

Effective October 9, 1956, the ownership of those six policies marked "A" through "F" above was transferred by Percy H. LeBlanc to plaintiff.

4.

On June 17, 1960, the plaintiff executed a settlement agreement affecting those six policies marked "A" through "F" above, which agreement provided for life income with installment refund as set forth in Option 6 of the life insurance policies.

5.

Percy H. LeBlanc died on January 5, 1980.

6.

The settlement value of the six life insurance policies at the date of the insured's death was $136,182.08.

7.

Upon receipt of proof of claim, New York Life Insurance Company issued a settlement certificate providing that monthly installments of $705.42 be paid to the beneficiary as required under the terms of the settlement agreement in effect on the date of death of the insured.

8.

On March 17, 1980, plaintiff requested, by letter, a lump sum payment rather than monthly life income as provided under the terms of the settlement agreement, which request was denied by New York Life Insurance Company."

As noted in the statement of facts agreed to by the parties, Percy H. LeBlanc purchased seven life insurance policies from New York Life Insurance Company. The plaintiff in this case was named beneficiary on six of the life insurance policies at the time each was issued. On October 9, 1956, Mr. LeBlanc transferred the ownership of each of the policies to the plaintiff. As owner of the policies, the plaintiff was entitled to select the manner in which she wished to receive payment from the insurance company upon the death of Mr. LeBlanc. On June 17, 1960, the plaintiff executed a settlement agreement on the six policies which are the subject of this suit, in which the plaintiff selected a life income with installment refund method of settlement as the manner in which she wished to receive payment for the benefits due under the policies issued to her husband. No further action was taken by the plaintiff to change the settlement option by which she was to be paid proceeds from the policies until after Mr. LeBlanc died.

Thus, the sole issue now before the Court is whether or not an owner–beneficiary of a life insurance policy who has executed a settlement agreement prior to the maturity of the life insurance policy may unilaterally modify or change the method of settlement after the policy has matured because of the death of the insured.

The Court finds that under the facts of this case the plaintiff is bound by the settlement agreement she executed on June 17, 1960 and, therefore, may not, after the death of the insured, change the method upon which the insurance proceeds are to be paid to her. *Jameson v. Occidental Life*

*Insurance Co. of California*, 219 So.2d 520 (La.App. 3rd Cir. 1969).

The settlement agreement signed by the plaintiff on June 17, 1960 contains the following provisions which are applicable herein:

"SETTLEMENT AGREEMENT

Kay Myra Aucoin LeBlanc, wife of the Insured, as Owner, hereby directs New York Life Insurance Company, upon receipt of due proof of the death of the Insured, to settle the proceeds of all policies enumerated above with the following beneficiaries in accordance with this agreement. Any prior designation of beneficiary or direction as to the method of settlement is revoked. * * *

EFFECTIVE DATE OF SETTLEMENT: Upon receipt of due proof of the death of the Insured, any settlement arrangement then applicable shall be granted as from the date of the Insured. * * *

RESERVATIONS OF RIGHTS:

All rights, benefits, and privileges conferred upon the policyowner in each policy enumerated above are hereby reserved. This agreement as to designation of beneficiary and method of settlement will be revoked as to any such policy by a subsequent change of beneficiary under said policy or by a subsequent change in the method of settlement of the proceeds of said policy or by an assignment of the said policy which transfers to the assignee the entire interest of said beneficiary in said policy. If an assignee has an interest in the death benefit proceeds of any such policy at the time such proceeds become payable, the Company may pay any amount payable to the assignee in a single sum but any remainder of the proceeds will be settled in accordance with the terms of this agreement."

The settlement agreement, when read in connection with the insurance policies which were issued on the life of plaintiff's husband, clearly shows that the plaintiff had the right to change the method by which she would be paid proceeds from the policies during the lifetime of the insured. However, the settlement agreement and the policy provisions clearly state that once the insured died, plaintiff lost the right to change the method by which she would be paid proceeds under the policies which were issued to her husband. The Court's conclusion is supported by the following provisions of the policies which were issued to plaintiff's husband:

"RIGHT OF INSURED:

During the lifetime of the Insured ... the Insured may receive every benefit, exercise every right and enjoy every privilege conferred upon the Insured by this policy, unless otherwise provided herein or by endorsement hereon, and except that any irrevocably designated beneficiary can be changed only with the written consent of such beneficiary. * * *

OPTIONAL METHODS OF SETTLEMENT:

The Insured, or in case the Insured shall not have done so, the beneficiary, after the Insured's death, may, by written notice to the company, elect to have the proceeds of this policy, in whole or in part, other than the monthly income stated on the first page hereof, made payable under one of the following options, except that Option 4 may not be elected by the beneficiary. Unless otherwise provided herein or by endorsement hereon, the Insured may, by written notice to the company, revoke or change any such election at any time before the maturity of this policy. * * *

ENDORSEMENT–OWNERSHIP OF POLICY:

Kay M. A. LeBlanc, wife of the insured, is the owner of this Policy and the Insured may not receive any benefit, exercise any right or enjoy any privilege provided under this Policy. Notwithstanding anything in this Policy to the contrary, the Owner alone may receive every benefit, exercise any right or enjoy any privilege which, in the absence of this "Ownership of Policy" provision, would have been available to the Insured under this Policy."

Notwithstanding the arguments made by plaintiff, the Court believes that its decision

in this case is controlled by the decision rendered by the Louisiana Third Circuit Court of Appeal in *Jameson v. Occidental Life Insurance Co. of California*, supra. This Court agrees with the decision rendered in the *Jameson* case and finds, as did the Court in the *Jameson* case, that the plaintiff is not entitled to modify the method of settlement after the death of the insured.

■ It is also settled that upon the death of the insured, the rights and obligations between the company and the principal and contingent beneficiaries are fixed. Therefore, should the Court allow the principal beneficiary to change the method of payment which had been fixed at the time of death, the rights of the contingent beneficiaries would be affected under the terms of the settlement agreement which was executed by the plaintiff in this case.

While the Court realizes that it may be more economically beneficial for this plaintiff to receive a full payment of all proceeds at this time, it is equally clear that under the terms of the settlement agreement which plaintiff herself signed almost twenty years prior to the death of her husband, plaintiff chose a specific and clear method of payment which was never changed prior to the time her husband died. Therefore, the Court must conclude that the parties in this case are bound by the settlement agreement which was executed by the plaintiff on June 17, 1960 and are further bound by the terms of the policies which were issued on the life of Mr. LeBlanc in this case.

Therefore:

IT IS ORDERED that plaintiff's motion for summary judgment be and it is hereby DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss be and it is hereby treated as a motion for summary judgment.

IT IS FURTHER ORDERED that defendant's motion for summary judgment be and it is hereby GRANTED and plaintiff's

suit shall be dismissed at her cost, with prejudice.

Judgment shall be entered accordingly.